### Russell Bishop v. Charles Felch and others.

Bill by assignee of mortgage to foreclose the same. A subsequent encumbrancer made a party defendant, answered, setting up the defence of usury. The mortgagee was sworn as a witness, and testified that the mortgage was made to him, and assigned to complainant at the request of one of the mortgagors, and without any consideration moving from or to him for the mortgage or assignment.—*Held*, that this evidence cast upon complainant the burden of proof to show a consideration for the mortgage, and that, in the absence of any further evidence, the bill should be dismissed as to such subsequent encumbrancer.

*Heard October 28th. Decided November 9th.*

Appeal by defendant Charles Felch, from Saginaw Circuit in Chancery. The case is sufficiently stated in the opinion.

*W. M. Fenton*, for complainant.

*J. Birney*, for defendant Felch.

MANNING J.:

Bishop filed a bill to foreclose a mortgage, executed on the 26th of November, 1855, by all of the defendants except the appellant, to Jabez G. Sutherland, for the sum of $3,100, and interest at the rate of ten per cent per annum, payable on or before the first day of December, 1856. The mortgage was accompanied by a bond, executed at the same time, by the two Johnsons and Fisher, to Sutherland, for the payment of the $3,100 as stated in the mortgage. On the same day the bond and mortgage were assigned by Sutherland to complainant. Felch, the appellant, was made a party as subsequent incumbrancer. Answers under oath were waived, and the bill was taken as confessed by the two Johnsons. Fisher and Felch appeared and put in separate answers, and Fisher afterwards stipulated that a decree might be taken against him. Felch, in his answer, states he has no knowledge of the matters set up in the bill, except from information; and he neither admits nor denies them, and leaves complainant to prove them. He also states, on information and belief, that there was no consideration for the bond and mortgage to Sutherland, or for the assignment by Sutherland to complainant; and that complainant, with a knowledge of such want of consideration, made an usurious loan to the Johnsons on the bond and mortgage and assignment to him; and that he, Felch, has an interest in the mortgaged premises—stating such interest particularly in his answer. A replication was filed to the answer, and the case was heard on proofs taken in open court under the statute. The bond and mortgage and assignment were proved by complainant. Sutherland was then examined as a witness for Felch. He states the mortgagors were not indebted to him at the time of the execution of the bond and mortgage, and that he paid no consideration for them; and that they were received by him, and assigned to complainant, at the request of the defendant, Daniel Johnson, who had the mortgage and assignment recorded, and then

carried them to Flint to get money on them he had previously engaged of complainant: that he had nothing to do with complainant about it, and did not see him.

On these proofs the usual decree was entered for the amount stated in the bond and mortgage, with interest thereon at the rate of ten per cent, and Felch has appealed to this court, and asks to have the decree reversed as to him, on the ground it is not sustained by the evidence.

The bill is an ordinary foreclosure bill, and states that the two Johnsons and Fisher, being jointly indebted to Jabez G. Sutherland in the sum of $3,100, executed and delivered to him the bond and mortgage, and that they were for a valuable consideration assigned by Sutherland to complainant. The proof of the bond and mortgage and assignment made a *prima facie* case for complainant. But Sutherland's testimony shows the two Johnsons and Fisher were not indebted to him at the time, and that he never had any interest in the bond and mortgage; and that they were received by him at the request of Daniel Johnson, and assigned to complainant, and then handed back to Johnson. By Sutherland's testimony the *gravamen* of the bill is disproved. It may be inferred, from what he says, the bond and mortgage and assignment were got up by the Johnsons to raise money on of complainant. If so the bill should have been framed to meet the facts of the case. There is no evidence complainant paid anything for them, outside of Johnson's deposition, which was suppressed in the court below on complainant's motion; and, as the bill, for the reasons stated, must be dismissed, it is unnecessary to review the action of the circuit court in that particular.

The decree, as to the appellant, must be reversed, and a decree be entered dismissing complainant's bill as against him, with costs, but without prejudice to any bill complainant may hereafter think proper to file against him.

The other Justices concurred.