## Richard A. Facey, who was impleaded with others, v. Daniel C. Otis and another.

Where the testimony of a foreign witness has been taken by commission, and the commission has been returned to and filed by the clerk, an objection that no instructions for the return of the commission were sent with it is an objection of form, and is waived under Circuit Court rule 51, when not filed in writing and served within ten days after notice of the filing of the commission.

FACEY v. OTIS.

Where there was a want of certainty in a written instrument, and it was not
clear from its terms whether the undertaking of defendants contained in it
was to the plaintiffs or to third persons named, parol evidence of the cir-
cumstances attending the making of it was held admissible, not to contradict
the written instrument, but! to aid the court in giving a true construction
to it.

*Heard April 15th.   Decided April 28th.*

Error to Calhoun Circuit, where Otis & Ditmars
brought action against the plaintiff in error and others, as
members of the firm of Fulsom & Benedict, upon a
written instrument which is set forth in the opinion; and
recovered judgment.  The errors alleged in this Court were
the admission in evidence of the depositions of Thomas &
Boun, taken on commission, and the reception of parol
evidence to show that the contract of defendants by the
written instrument was with plaintiffs, and not with Sey-
mour & Sleight, who are mentioned in it.

*Hughes & Woolley*, for plaintiffs in error:

The deposition taken under the commission should have
been excluded, as there was no provision for its return to
the Court.  This is an . objection to the substance and not
the form of the deposition.

Parol evidence to show that Seymour & Sleight were
agents of plaintiffs, in making the agreement, was errone-
ously admitted in evidence.—*Stackpole v. Arnold*, 11 *Mass.*
27; *Newcomb v. Clark*, 1 *Denio* 226; *Fenly v. Stewart*,
5 *Sandf.* 201; *Finney v. Bedford Com. Ins. Co.* 8 *Met.*
348; *Finney v. Warren Ins. Co.* . 1 *Met.* 16; *Turner v.
Burrows*, 5 *Wend.* 541; 1 *Pars. on Cont.* 48 (a), and cases
cited.

Seymour & Sleight could, beyond question, maintain this
action in their names; and if the plaintiffs can also do so,
then a recovery may be had twice for the same cause of
action.—*Hale v. Boardman*, 27 *Barb.* 82; *Barker v. Buck-
lin*, 2 *Denio*, 45; *Farley v. Cleveland*, 4 *Cow.* 432; 4 *De-
nio*, 97.

FACEY v. OTIS.

There are cases holding that a unnamed principal may come in and take the benefit of a written contract with an agent who acted in his own name.— *Vide* 1 *Pars. Cont.* 49 (*a*), *and cases cited.*

Whatever weight may be given to these cases, they have no application to this case. The contract in question was not made by an agent, but was made by one of the plaintiffs himself.

*Brown & Greenough* and *C. I. Walker*, for defendants in error:

1. Notice of filing the depositions having been given, and no objections having been made, all objections of form were waived.— *Circuit Court Rule* 51.

2. If an agent make a written contract, in his own name for the benefit and by the authority of his principal, can the principal sue or be sued thereon?

In cases of parol contracts, there is no question but that the principal may thus sue or be sued.— *Story on Agency*, § 446; 2 *Smith Lead. Cas.* 212, 233, 227; 1 *Am. Lead. Cas.* 643; *Thompson v. Davenport*, 9 *B. & C.* 78; *Beebee v. Robert*, 12 *Wend.* 416; *Taintor v. Prendergast*, 3 *Hill*, 72.

The same rule is now firmly established in England, in relation to written contracts;— *Story on Agency*, 160, *a*, to 162, 270, *n*, 420, *n*; 2 *Smith Lead. Cas.* 223 to 225; *Bateman v. Phillips*, 15 *East*, 272; *Skinner v. Stocks*, 4 *B. & Ald.* 437; *Garrett v. Handley*, 4 *B. & C.* 664; *Cothay v. Fennell*, 10 *B. & C.* 672; *Sims v. Bond*, 5 *B. & Ad.* 389; *Jones v. Littledale*, 6 *A. & E.* 486; *Trueman v. Loder*, 11 *A. & E.* 589; *Higgins v. Senior*, 8 *M. & W.* 834; *Beckham v. Drake*, 9 *M. & W.* 79; 11 *M. & W.* 313; *Humble v. Hunter*, 12 *Q. B.* 310; *Small v. Atwood*, 1 *Younge*, 407.

This rule does not, under these decisions, extend to contracts under seal, nor to negotiable paper.

FACEY v. OTIS.

In this country, the decisions are not so uniform, and some of them deny the application of the rule to written contracts. But most of this class of cases have reference to negotiable paper, and to that extent are not inconsistent with the English rule.

We submit that the weight of American authority is in accordance with the English rule.—*Hubbert v. Borden*, 6 *Whar*. 79; *Com. Bank v. French*, 21 *Pick*. 490; *Huntington v. Knox*, 7 *Cush*. 371; *Eastern R. R. Co. v. Benedict*, 5 *Gray*, 562; *Bank of U. S. v. Lyman*, 20 *Vt*. 673; *Monro v. Pt. Henry Iron Co*. 12 *Barb*. 53; *Dupont v. Mt. Pleasant F. Co*. 9 *Rich*. 258; *Wilson v. Bailey*, 1 *Handy*, 177; *N. J. S. Nav. Co. v. Mer. Bank*, 6 *How*. 381; *Ford v. Williams*, 21 *How*. 287.

We submit, therefore, that the decision of the Court below was right, both according to the English and American authorities.

But we say that, in this case, parol testimony was unquestionably admissible, under all the authorities, for the reason that the contract itself indicates the agency. And in such case, or where the contract is ambiguous, parol testimony is clearly admissible to show the relation of the parties.—1 *Am. Lead. Cas.* 632–3; *Edw. on Notes*, 83–4; *Mech. Bank. v. Bank of Columbia*, 5 *Wheat*. 326; *Merchants' Bank v. Central Bank*, 1 *Kelly*, 418; *Rutland R. R. Co. v. Cole*, 24 *Vt*. 33.

MANNING J.:

The 51st of the Circuit Court Rules provides, that the party taking any deposition shall, upon the same being received and filed by the clerk, give notice thereof to the opposite party, and that all objections of form to any such deposition shall be waived, unless the same shall be filed in writing and served upon the opposite party, within ten days after such notice. No instructions were sent with the commission for returning it after it had been executed. It

was returned by the commissioner to the clerk of the Court by mail, and notice of the return was given to defendant's attorney, who filed no objections; but objected to the reading of the depositions at the trial. The return of the commission and depositions, by mail, without instructions for that purpose, was at most only an irregularity, in no way affecting the execution of the commission, and covered by the 51st rule of the Court.

The next objection is one of more importance. It is as to the admission of evidence on the trial.

The action is on that part of the following instrument, by which defendants agreed to let Messrs. Seymour & Sleight have nine hundred and seventy dollars worth of goods:

"We agree to secure Otis & Ditmars with a mortgage on two lots in Marshall, for two notes, four and eight months, each of five hundred dollars, payable at Charles T. Gorham's Banking office, in Marshall, Mich. Notes dated May 27, 1858, one eight months, and one four months. We also agree to let Messrs. Seymour & Sleight draw nine hundred and seventy dollars worth of goods out of the stock at Kalamazoo, as they may need, to pay their customers for potatoes, lumber and grain, that they are furnishing with goods.

                              "FOLSOM & BENEDICT."

"May 31, 1858."

This instrument was offered in evidence, with a proposition to prove by Seymour, that he and Sleight were agents of the plaintiffs at the time it was made, and that it was made with them as agents of the plaintiffs. The evidence was objected to, for the reason that the instrument on its face showed, that that part of it which the plaintiffs were seeking to recover upon, was an agreement between defendants and Seymour & Sleight, and not an agreement between defendants and plaintiffs; and that it was not competent for plaintiffs to show the latter, by proving the

11 MICH.—O.

agency of Seymour & Sleight.  And, the question before us is, whether the Court erred in admitting the evidence.

Where an instrument is free of all ambiguity, and there is nothing on its face indicating an agency, and the proof of it would change the parties to the instrument, that is, would make what on its face is an agreement between A. & B. an agreement between A. & C., the admission or rejection of evidence of agency is a question by no means free of doubt.  There are authorities both ways; and we do not feel called upon to decide it in the present suit, as the view we have taken of the case disposes of it on another ground.

There is a want of certainty in the instrument.  It is not clear from the instrument itself, whether it is one entire agreement, or two; whether it is an agreement between the parties to the present suit throughout, or only so far as it relates to the mortgage security mentioned in it, and a separate agreement between the defendants and Seymour & Sleight as to the goods.  It does not state in terms with whom it is made.  It is matter of inference only from what the defendants agree to do.  They agree to give a mortgage to Otis & Ditmars, and let Seymour & Sleight have goods to a certain amount.  It may be inferred that as to the mortgage it is an agreement with Otis & Ditmars, and, as to the goods, an agreement with Seymour & Sleight.  It may also be construed to be one entire agreement with Otis & Ditmars, whose names first occur in it. The word also,—we also agree—in the beginning of the last clause of the instrument, would seem to connect it with the preceding clause.  If this last clause was intended to be a separate agreement with Seymour & Sleight, why is the word also used, and why are two contracts, having no connection with each other, with different persons, united in one and the same instrument?  Parol evidence of the circumstances attending the making of it we think was admissible; not to contradict the written instrument, but to

aid the Court in giving a true construction to it.  Seymour stated that he and Sleight were agents of the plaintiff when the contract was made; that their agency was known to defendants, and that the instrument was drawn up by Ditmars, signed by one of defendants, and then delivered to Ditmars.  The light his evidence shed on the instrument removes all doubt as to its true character.

The judgment is affirmed, with costs.

MARTIN Ch. J. and CAMPBELL J. concurred.  CHRISTIANCY J. did not sit in this case.