## Harvey Bennett v. Conrad Beidler.

*Sale: Recovery for deficiency.* A person buying a field of growing crops by the acre, with the option of taking it at an estimate, or having it measured, and who gave his note for the price according to the estimated number of acres, but upon the express condition that the land should thereafter be measured, was not thereby debarred from recovering back from his vendor the amount of a deficiency found on such measurement—the note having been paid to a *bona fide* holder.

*Heard, October 20th.    Decided, October 22nd.*

Error to Washtenaw Circuit.

This was an action of assumpsit, to recover back certain overpayments.

Judgment was rendered for plaintiff.

The facts are stated in the opinion.

*Joslin & Blodget*, for plaintiff in error.

*S. E. Engle*, for defendant in error.

CAMPBELL J.

Beidler sued Bennett to recover back certain over-payments. Bennett sold at auction a field of growing crops, not measured, but supposed to contain eighteen acres. The sale was not made for a round sum, but by the acre, and it was understood that notes were to be taken for sums exceeding ten dollars. Beidler bid off the property at twenty-nine 25-100 dollars per acre, and gave his note to the

BENNETT v. BEIDLER.

clerk immediately for the value of eighteen acres: the note being drawn up by the clerk. He introduced evidence tending to show that when he delivered this note he reserved the right of measuring the field thereafter, and also showed that there was a similar understanding between him and Bennett. The field fell short a little more than two acres, and Beidler, having been compelled to pay the note to a *bona fide* holder, sues to recover the surplus payment. There was contradictory evidence on the facts.

The auctioneer testified that when the property was sold, it was announced that the purchaser might take it at eighteen acres, or measure it at his option, and the court was asked to charge the jury that if this was the whole of the terms of sale, the giving of the note was an election to take the crop as eighteen acres, without measuring it. This the court refused, and this refusal is the only error assigned.

We think the ruling was correct. This testimony showed that the time and manner of election were not fixed. Whatever presumption might arise from giving a note without explanation or qualification, no such presumption could be admissible against the expressed intention of the party. If the note was given to the clerk upon condition that Beidler should have a measurement thereafter, or if Bennett and Beidler both had such an understanding, there could, of course, be no election deduced from the note itself. The intention, fairly understood, would negative it. The jury had proof before them tending to establish this express understanding, and it was a question of fact for them to decide. The judgment must be affirmed, with costs.

CHRISTIANCY and COOLEY JJ. concurred.

MARTIN CH. J. did not sit.