BOWKER *v.* JOHNSON.

## Peter J. Bowker v. Edward Johnson.

*Parol evidence: Bond of indemnity: Consideration.* It is competent to show, by parol evidence, that notes, and a bond of indemnity, given upon the purchase of property, were based upon an agreement, that the debts to be paid under the bond did not exceed a certain sum, and that any excess paid beyond that, should be allowed by way of reduction against the notes.

Such testimony is relevant to show the real consideration of the transaction, and to confine the recovery to such an amount as the payee was actually entitled to demand. And courts of law, as well as courts of equity, restrict the remedy to the debt actually existing and intended to be secured by the notes.

*Heard April 21st.   Decided April 28th.*

Error to Wayne Circuit.

This was an action of assumpsit on a promissory note.

The declaration was on the common counts, with a copy of the note attached.

Defendant pleaded the general issue, and gave notice of set-off.

On the trial, evidence was admitted, under objection, explaining the nature of the consideration of a certain agreement conditioned to pay partnership debts.

Judgment was rendered for defendant.

*H. M. & W. E. Cheever,* for plaintiff in error.

1. The parol evidence offered in this case to contradict the written agreement, is clearly inadmissible under the general rule.

2. If admissible, then it must come within one of three excepted classes.

*a.* Was it another portion of the contract not inconsistent with the written portion? The written portion, we insist, was absolute and complete on its face. It consisted of two notes and one bond, each in itself perfect and complete.— *9 Gray, 243; 12 Ohio, 201; 6 Cush. 68.*

*b.* If a contemporaneous agreement, it was equally inconsistent with the note and bond. The notes and the

BOWKER *v.* JOHNSON.

bond were perfect on their face, and needed no explanation or parol testimony to supplement them and perfect their legal existence.

*c.* Did the testimony tend to show that the written contract was void or not binding, because it never had a legal existence.

In this class of cases, the distiction seems to be this: When the evidence is offered to show that the written contract is void, or not binding, because it had no legal birth, it is admissible; but, if offered to show that a different construction was intended from that its language imports, it is not admissible.

Parol evidence is held inadmissible to show that a note was to be paid in bank notes, or goods, or in any different manner from its express conditions.— *13 Wis. 209; 14 Ind. 499; 4 Gray, 504; 20 Ark. 293; 2 Ala. 280; 5 Ind. 184.*

Or that payment was to be conditional.— *2 Carter, ( Ind.) 656; 14 Vt. 25; 12 Met. 138; 9 Id. 89; 7 Blackf. 491; 11 Vt. 679; 16 Cal. 138; 23 How. ( U. S.) 49; 1 Hilton, N. Y. C. P. 524; 7 Wis. 532; 4 Pike, 154.*

And generally, a separate agreement as to the payment of promissory notes, can not be set up in an action on the notes, but the remedy is by action on such agreement.— *7 Wis. 462; 5 Mich. 209.*

The question put to the witness was as to the conditions of the contract; not as to any set-off he had against Bowker, so it can hardly be contended that it was admissible as proof of set-off, entirely outside of the contract. The question was directly to the point of the terms and conditions of the contract, and the objections to its admissibility were directly based upon its incompetency, as tending to vary or alter the terms of the written contract.

*H. B. Brown,* for defendant in error.

The sole question in this case, is to determine how far parol evidence may be admitted to show that the whole of

the original agreement was not reduced to writing, and to prove a collateral verbal undertaking.

Parol evidence is clearly admissible to add to the terms of a written agreement:

1. Where the writing is incomplete upon its face, as in cases of bills of parcels, receipts, memoranda, and railway tickets. — *11 Mich. 68; 12 Id. 289; 17 N. Y. 306.*

2. Where the original contract was verbal and entire, and a part only was reduced to writing; (*1 Greenl. on Ev.* § *284*) although this can not always be done.

The true rule seems to be that, where the writing expresses an intention relative to a particular matter or subject, parol evidence is inadmissible to affect that intention in any way; but where such evidence has relation to something concerning which the contract is silent, or to some distinct collateral agreement, it is admissible, if it does not contradict or vary the writing. — *2 Phillips on Ev. 670; 4 Mees. and Wels. 140; 1 Stark. 267; 1 Fost. 224; 24 Barb. 379.*

Contracts with common carriers are constantly held open to verbal explanation and even contradiction. — *2 Kern. 509; 8 N. Y. 497; 13 Id. 569.*

A blank indorsement of a note or bill does not preclude parol explanations. — *2 Phillips on Ev. 670; 6 Mass. 434.*

For the rule contended for in this case, see the following authorities — *1 Mass. 297; 8 Met. 59; 11 Cush. 44; 1 Greenl. on Ev.* § *284; 2 Phillips on Ev. 670, 671; 3 Starkie on Ev. 1049; 9 Pick. 338; 6 Gill and Johns. 107; 2 Blackf. 236; 31 Penn. St. 252; 35 Id. 212; 15 Md. 211; 16 N. Y. 336; 23 Ct. 56; 32 Vt. 318; 11 Ohio, (N. S.) 393; 35 Miss. 457; 1 Met. (Ky.) 437; 3 Clarke, 74; 3 E. D. Smith, 305; 10 Ind. 414; 16 B. Mon. 315; 2 Blackf. 1249.*

In the present case, the defendant offered to prove, as an offset to plaintiff's claim, that if he paid any debts not included in a certain schedule, the amount so paid should be

set off against the notes. Such evidence does not contradict or vary the language of the bond, for the defendant is still bound to pay all debts, irrespective of the schedule, and save the plaintiff harmless from them, and if plaintiff were put to expense in defending them, defendant would be liable to him.

It does not contradict the notes, but merely proves a set-off.

Finally, the rule contended for does not conflict with the decisions of this court in *Adair v. Adair, 5 Mich. 204*, and *Jones v. Phelps, Id. 218*, as in these cases, attempts were made to prove facts entirely inconsistent with the writing.

CAMPBELL J.

Defendant being sued upon a note for $1,000, pleaded the general issue with notice of set-off. Upon the trial it appeared in evidence (to which objection was taken in due form,) that this note, with another of like amount, was given under the following circumstances: Defendant bought out Bowker's interest as partner in a brewery, and was to pay three thousand dollars, one-third cash, and the balance by the two notes aforesaid, and was to assume and pay in full all Bowker's share in the debts of the firm, in which defendant succeeded him, and indemnify him against all liability and damages. Bowker showed a schedule of debts and assets as the basis of this arrangement, and it was agreed that if defendant paid debts beyond what appeared on the schedule, he should be entitled to a corresponding deduction on the notes, which were to be left at the Savings Bank to stand for that purpose. . The defendant gave an unqualified bond to pay and indemnify, and executed the notes. One of the notes was indorsed by Bowker to a *bona fide* holder. Defendant paid claims in excess of the schedule list, of which Bowker's half amounted to $1,459.20, and the set-off was allowed in the court below, and judgment rendered accordingly.

It is alleged as error that the effect of this was to allow parol evidence to contradict the written documents, which it was claimed could not be thus altered or invalidated.

We think such evidence as was admitted in the present case is proper as bearing upon the question of consideration. There is no difference in this respect between courts of law and courts of equity, and it has always been held in this state that evidence was admissible to explain the purpose and extent to which a security, purporting to be for the absolute payment of money, should be applied and enforced. Where a mortgage accompanies a note or bond it is a mere incident to the principal security, and the note or bond is the substantial evidence of debt. Yet it has always been held that it might be shown the whole transaction, appearing on its face to be unconditional, was a security for something else, and no enforcement has been allowed for any other purpose than the actual one. The statute of frauds does not prevent trusts in personalty from being evidenced by parol, and a trust is therefore admitted to be shown against all but *bona fide* holders, whether it be to create a special interest, a defeasance, or any other similar equity. See *Catlin v. Birchard, 13 Mich. 110.* This doctrine has been applied in various ways. It has been allowed to convert an absolute deed into a mortgage.— *Wadsworth v. Loranger, Harr. Ch. 113; Emerson v. Atwater, 7 Mich. 12.* To turn a contract of sale into a mortgage. *Batty v. Snook, 5 Mich. 231; Swetland v. Swetland, 3 Id. 482.* To show the original mortgagee had no interest in in the securities.— *Bishop v. Felch, 7 Mich. 371.* To show that a negotiable note, secured by mortgage, was really given for a mere indemnity.— *Colman v. Post, 10 Id. 422.* To show that a bond and mortgage for a fixed sum was given in consideration of a promised loan and a promised conveyance of property, and that there had not been a complete compliance with the promises.— *Robinson v. Cromelein, 15 Mich. 316.*

BOWKER *v.* JOHNSON.

In *Bennett v. Beidler, 16 Mich. 150,* a note was given for a sum of money, which was the price of the crops on certain lands purchased at auction at an estimated number of acres, with the agreement that the maker of the note might have a subsequent measurement made to ascertain the true amount of the purchase money. The note having been paid by the maker to a *bona fide* holder, and the land falling short, he was held entitled to recover back the surplus payment.

We can perceive no difference in principle between these cases. Johnson undertook absolutely to pay the debts of Bowker, whatever might be their amount, and did pay them. But the price payable by Johnson was fixed upon the basis that such debts should be taken at a specified sum, and if exceeding that should entitle him to a corresponding reduction. So far as they were in excess, they reduced the consideration for his notes, and being capable of pecuniary calculation, and not in the nature of unliquidated damages, stand on the same footing as if he had given an accommodation note, or a note for money, in excess of a money price fixed at the time. The debts were all in existence at the date of the transaction, and when ascertained and paid, reduced to that extent the value received by Johnson of Bowker. The agreement rendered it the duty of Bowker to hold the notes as security for no greater sum than was equitably due, and had he retained them both they would have been enforceable for no more. The money in excess of the schedule debts was paid to his use, by his request or agreement, and was therefore a legitimate ground of set-off.

The judgment was correct, and should be affirmed.

COOLEY CH. J. and GRAVES J. concurred.

CHRISTIANCY J. did not sit.