## NORTH AMERICAN FIRE INS. CO. *vs.* THROOP.

In an action on a policy of insurance against loss to lumber and other property contained in a building, it is not competent to show by parol that a part of the lumber was in the yard adjoining and was included in the understanding of the parties.

Where defendant in such action puts in evidence an application purporting to be signed by the plaintiff, wherein it is stated that there is an incumbrance of only two thousand dollars on the property, and attempts to show that it was incumbered to a greater amount, and the plaintiff denies that he signed such statement but admits that he signed a different one, it is competent for the plaintiff to show that he frequently had told defendant's agent that a greater incumbrance was upon the property.

Where a greater incumbrance exists than is stated in such application, and the defendant's agent filled it up and the plaintiff had previously correctly informed him of the facts, the estoppel is the same as though an individual insurer were himself present and acting.

Where on cross-examination a witness is shown a writing and asked if the signature there is his, he is entitled to look over the whole paper.

Effect of defendant's not disclosing in his application the fact that an attempt had previously been made to fire the building insured, discussed.

### Error to Lenawee Circuit.

*Opinion by* COOLEY, J.—Action upon insurance policy not produced on the trial, having been destroyed by fire. Parol evidence of its loss and contents. Plaintiff testified that the policy insured him against loss or damage by fire to the amount of

$3,000; $500 on building, and $2,500 on lumber, felloes, poles, bows and shafts, manufactured and in process of manufacture, contained in said building.

After stating the value of the goods manufactured and in process of manufacture in the building at the time of the fire, he proceeded to say that he had 100,000 feet of lumber, which cost about $24 per M., and was worth $30 per M. About one-third of it was in the building, and the rest was in the yard.— The plaintiff, claimed that the lumber in the yard was covered by the policy and testfied to conversations with the agent of the company, wherein he told the latter that he wanted the whole property insured, outside of the buildidg as well as in-side. This testimony was objected to as incompetent, and the Court overruled the objection.

*Held*, that this was an error. It is conceded that it was not competent to extend or enlarge by parol the terms of the written contract. But it was argued that it came within that class cases, of which *Faccy vs. Otis*, 11 *Mich.*, 213, affords an example in which parol evidence has been received to show the circum-stances under which a contract has been made for the purpose of explaining its contents where ambiguous; or of another class, in which it has been held that where parties come to an agreement concerning the meaning of equivalent words em-ployed in their contracts, the courts will construe them accord-to the understanding arrived at. After an elaborate review of the contract and testimony the Court concluded that the con-tract covered only the stock of lumber in the building.

The second error relates only to the admission of evidence touching the incumbrances upon the property covered by the insurance. The defendant put in evidence an application, pur-porting to be signed by the plaintiff and which their witness tes-tified was the application on which the risk in question was taken. This application contained the following questions and an-swers: "Is there an incumbrance on the property?" "Yes." "If mortgaged, state the amount and to whom?" "Two thousand dol-lars, to Topliff & Day." Appended to this application was the fol-lowing understanding: "And the said applicant hereby covenants and agrees to and with the said company that the foregoing is a just,

full and true exposition of all the facts and circumstances in regard to the condition, situation and value of the property to be insured, so far as the same are known to the applicant, and material to the risk, and the same is hereby made a condition of the insurance and warranty on the part of the insured."

Plaintiff denied signing this application, but testified that he signed a different one, to which an agreement was appended, which set forth that the "foregoing is a just, true and full exposition of all the facts, etc., so far as the same appertain to the risk." Plaintiff was allowed under objection, to testify that he had repeatedly told defendant's agent in regard to the incumbrance, as they boarded together, and the fact of the mortgages to Hunt, and Topliff & Day, and to W. H. Stone, together with their several amounts, was well understood between them. The objection to the evidence was that it had a tendency to vary the written contract, in which plaintiff covenanted that there was only one mortgage of $2,000 on the premises, and would, in fact, exempt from the covenant other mortgages.

*Held*, that at the time this evidence was offered it was competent. Defendants had put in a paper which they claimed was the application which plaintiff had signed. Plaintiff denied having signed it, but admitted having subscribed a different one, which was not produced. The question what were the contents of the application actually made and what covenants it contained was therefore a matter of dispute, and as bearing upon this the conversation between the parties concerned in putting it in writing was, or might be, of material consequence. There was therefore no error in admitting the testimony. But the Circuit Judge went further and instructed the jury that even though the application produced by the defendants was the one signed by the plaintiff, yet if defendant's agent filled out this application, and the plaintiff had previously given him full and correct information concerning the incumbrances, then the failure to specify the other mortgages in the application would not vitiate the policy or preclude a recovery. The Court say that the question raised by this charge has been the subject of much legal controversy, and after an elaborate discussion of the whole matter it was held that the estoppel is precisely the same where the agent of the insuree drafts the papers as it would be in the case of an individual insurer who was himself personally present and acting.

The plaintiff, while upon the stand as a witness, having denied the signature to the application produced by the defendant as the one upon which the policy issued, was cross-examined with a view to test the truthfulness of the alleged signatures. In the course of the examination counsel for the defense presented to the witness a paper folded so as to show only the name of the plaintiff in writing, and asked him if the signature there pointed out was his. The Court allowed the witness to look over the whole paper.

*Held,* That this was correct. The witness was entitled to all the forms of recognition which the circumstances and surroundings afforded.

In the application presented in evidence by the defendants were the following questions and answers : " Incendiarism—Have you any reason to believe your property is in danger from it ?" " No." In the blank form produced by the plaintiff, and which was filled up and signed, the corresponding question is as follows : " Has a building on the site of this been burned? Have you any reason to believe your property is in danger from incendiaries? If so, how did the fire originate, and in what office were you insured ?" Plaintiff gave evidence respecting a former supposed attempt to fire the building, and upon this evidence defendants requested the Court to charge that if the jury believe from the evidence that at the time of procuring the policy, plaintiff knew that an attempt had been recently made to burn the premises insured, and failed to disclose that fact to defendant's agent, who issued the policy, defendant is entitled to recover, if the jury believe from the evidence that a written application was made by plaintiff to defendant, upon which the policy was issued, in which application plaintiff stated that he had no reason to fear that his property was in danger from incendiarism, and they find as a matter of fact that he had such reason, then their verdict must be for defendant. These requests the Court refused, but charged that if the jury believe from the evidence that at the time of making the application plaintiff had ceased to fear incendiarism, and did not think he had any reason to believe that his property was in danger from it, then the fact that it was once fired will not vitiate the policy, and was not a breach of warranty; if the jury believe from the evidence that an attempt had been made to burn the building covered by the policy sued upon, shortly prior to the appli-

cation made by plaintiff, and that plaintiff then knew of such attempt and did not disclose it to the agent, and if the jury believe that a knowledge of such attempt was material to the risk, then their verdict must be for defendant, if the agent of defendant had not sufficient knowledge to put him upon inquiry as to said prior attempt to burn the building.

*Held,* That the Court erred in the refusal and in the charge given, first in assuming that an attempt to fire the building insured might be a circumstance not material to the risk, and second in treating the information which was sufficient to put the agent upon inquiry as sufficient to justify plaintiff in his failure to communicate the facts within his knowledge, notwithstanding his attention was particularly called to the subject at the time the application was prepared and signed.

*Held,* Also, that the Court erred in charging as requested by plaintiff, that if the jury believe from the evidence that the application produced by defendant is not the legitimate application signed by plaintiff, and upon which the policy issued, then there is no proof in the case upon which the jury are authorized to find what the contents of this application were, or that there was any warranty in it to affect plaintiff's right of recovery. The evidence of plaintiff sufficiently shows that he was inquired of concerning attempts at incendiarism, and that he gave a negative answer. It also shows that he warranted the correctness of his answers so far as pertaining to the risk.

The judgment was reversed, with costs, and a new trial ordered