GEORGE H. RICHARDS v. EDWARD P. FULLER ET AL.

*Parol Evidence of Contract.*

A verbal agreement was made, in performance of which a written contract was assigned in writing. The contract and assignment were put in evidence, but did not purport to set up the agreement. *Held* not to be a case for the exclusion of parol evidence as to what the agreement was.

Error to Kent.   Submitted June 14.   Decided June 20.

37 MICH.—21.

ASSUMPSIT on a promissory note made by Richards to Warren S. Hale May 6th, 1874, and transferred to defendants in error by endorsement. It was given for part of the purchase price of a lot of logs which Hale himself held under contract from Isaac Stauffer, dated Jan. 5th, 1874, and covering all the cherry, walnut, basswood, white ash and maple timber on all or any of the lands owned by Stauffer in Caledonia township, to be delivered at Caledonia station in lumber. Hale endorsed upon this contract the following assignment: "For a valuable consideration to me in hand paid by George H. Richards, the receipt whereof is hereby confessed and acknowledged, I hereby sell, assign and set over unto the said George H. Richards all my right, title and interest in and to the within bill of sale or contract, to have and to hold the same unto the said George H. Richards, with all the rights, interests, privileges and advantages that I would have, had not this assignment been made. Signed and dated this 6th day of May, 1874. Warren S. Hale." The defense to the suit on the note was that the logs had fallen short of a verbal warranty alleged to have been made by Hale when he sold them. Testimony offered by Richards to show what statements and representations Hale had made with regard to the kinds and amounts of the logs sold, and that he warranted these statements to be true, was rejected on the ground that the assignment and contract were in writing and had been put in evidence, and therefore could not be varied by parol testimony. The defense being thus excluded, judgment was given against Richards on the note, and he brought error.

*Taggart & Wolcott* for plaintiff in error. Where only part of an entire contract has been reduced to writing, the fact may be shown, and the remainder proved by parol. 2 Pars. Cont., 553; *Deshon v. Merchants' Ins. Co.*, 11 Met., 199; *Edwards v. Goldsmith*, 16 Penn. St., 43; *Coates v. Sangston*, 5 Md., 121; *Ballston Spa Bank v. Marine Bank*, 16 Wis., 136; *Doty v. Martin*, 32 Mich., 462. It is much more competent to show that before or at the time the writing was made and delivered other contracts not incon-

sistent with it were made, and that the writing came into the transaction only incidentally. The conveyance from Stauffer was less formal than a bill of parcels, which is always subject to parol evidence to show the real agreement of sale. 1 Phil. Ev.; Cowan & Hill's Notes, 385, *n* 229; 2 Id., 603, *n* 295; *Fletcher v. Willard,* 14 Pick., 464; *Hazard v. Loring,* 10 Cush., 267; *Foot v. Bentley,* 44 N. Y., 166.

*J. A. Fairfield* for defendants in error, cited *Martin v. Hamlin,* 18 Mich., 354; *Vanderkarr v. Thompson,* 19 Mich., 82; *Van Ostrand v. Reed,* 1 Wend., 424, 431; *Mumford v. M'Pherson,* 1 Johns., 414; *India Rubber Co. v. Adams,* 23 Pick., 256; *Smith v. Dallas,* 35 Ind., 255, 260; *Robinson v. McNeill,* 51 Ill., 225; *Helmrichs v. Gehrke,* 56 Mo., 79; *Randall v. Rhodes,* 1 Curt., 90; *Dean v. Mason,* 4 Conn., 428; *Oelricks v. Ford,* 23 How., 49.

MARSTON, J. Whether all the logs contracted for in this case were by the parties understood to be *only* the logs sold by Stauffer to Hale in the writing of January 5th, 1874, would seem to be immaterial. The written assignment made by Hale to Richards is not such a written contract between the parties as would preclude plaintiff in error from showing by parol the agreement actually entered into. This assignment was not complete in itself and did not purport to set up the entire agreement. It may have been made pursuant to the agreement entered into and in part performance thereof, and this was what defendant below offered to show. We are of opinion that this evidence was admissible and should have been received for the purpose for which it was offered. The case comes clearly within previous rulings of this court. See *Phelps v. Whitaker, ante,* p. 72, and cases there cited, and *Trevidick v. Mumford,* 31 Mich., 470; *Sirrine v. Briggs,* 31 Mich., 443; *Rowe v. Wright,* 12 Mich., 291; *Bowker v. Johnson,* 17 Mich., 42; *Facey v. Otis,* 11 Mich., 217.

Judgment reversed, with costs, and new trial ordered.

The other Justices concurred.