JOHN B. BRITTAIN v. JOHN KELLY.

*Sale—Contract—Execution—Evidence.*

One of two partners sold his interest in the business, and the vendee sued him to recover expenses incurred in enforcing his rights under the sale against the other partner, claiming that the vendor agreed *verbally* to pay such expenses. On the trial he testified to several conversations tending to prove the agreement, and the defendant's evidence tended to show that at the time the bill of sale was executed it was agreed that $100 should be deducted from the purchase price in full for such anticipated expenses. And it is held that the fact that the bargain was not binding upon either party until the execution of the bill of sale did not affect the verbal agreement, which became valid upon such execution, and would have become so if not mentioned at that time; that the sole question for the jury was whether such an agreement was made, and that it was of no consequence whether it was made before or at the time of the execution of the bill of sale; and that the jury might consider all of the conversations, including the last one, in determining that question.

Error to Kent. (Burch, J.) Argued May 6 and 7, 1891. Decided June 5, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Fletcher & Wanty,* for appellant.

*M. L. Dunham (John H. Rozema,* of counsel), for plaintiff.

GRANT, J. Defendant, Kelly, and one Rice were copartners in a hotel business. Defendant sold and conveyed to plaintiff by a bill of sale his interest in the

business. It was anticipated that Rice might object to receiving plaintiff as a partner, and that there might be some trouble and litigation in enforcing plaintiff's interest after the purchase. Plaintiff claims an oral agreement with defendant by which defendant promised to pay for such expenses as plaintiff should incur in enforcing his interest against Rice. Defendant claims that he agreed to pay plaintiff only $100 to cover such expenses. This is the sole controversy between the parties.

Plaintiff brought suit to recover such expenses, and had verdict and judgment in his favor. Plaintiff introduced evidence of several conversations with the defendant, tending to prove his claim. The parties finally met in the office of Fletcher & Wanty to execute the bill of sale, which was drawn by Mr. Fletcher. Plaintiff testified that he there, in the presence of Mr. Fletcher, stated the agreement as to expenses; that Fletcher stated that he understood that defendant was to pay only $100; that Fletcher then left the room, and defendant then told plaintiff to keep the $100 out of the purchase price, and he would pay all the money expense, as he had told him before. The evidence on the part of the defendant tended to show that it was then agreed that plaintiff should deduct $100 from the purchase price, and that this was all defendant should pay.

The circuit judge correctly stated to the jury what the issue was between the parties, giving the claim of each. At the request of defendant's counsel he instructed them that they should consider the value of the property sold, the surroundings of the parties, and all the testimony in the case. They then requested the court to give the following instruction:

"'The bargain, if there was one, had no binding legal effect before the interview at Fletcher & Wanty's office,

and the testimony of all the conversations leading up to that interview are before you only to throw light on what there occurred, and, if you find that at that interview, when the papers were drawn and exchanged, the bargain was that the $100 should be deducted, and Mr. Kelly should be to no more expense or liability in the matter, then, no matter what previous conversations disclosed, your verdict must be for the defendant."

Instead of giving this request, the court instructed them that they should take all the conversations into consideration, including the last one, in making up their minds what was the understanding.

While it is true that the bargain was not binding upon either party until the execution of the bill of sale, still that did not affect this parol agreement, which became valid upon such execution. If nothing had been said at that time about it, still it would have been valid. The sole question for the jury was whether such an agreement was made, and it was of no consequence whether it was made before or at the execution of the bill of sale. The request is objectionable, in that it would have been a virtual instruction to the jury that the parties had not previously agreed upon this matter.

We think no error was committed, and the judgment must be affirmed.

The other Justices concurred.