George Fitzpatrick v. John M. Hoffman.

*Deed—Consideration—Parol evidence—Failure of title—Assumpsit —Pleading—Res judicata—Practice in Supreme Court.*

1. Plaintiff, after cutting and selling a portion of the timber on a parcel of land which he had purchased from the supposed owner, repurchased the land from defendant, who claimed to own the same, and received from him a warranty deed. Afterwards a second claimant recovered a judgment against the purchaser of the timber for its value, and the plaintiff reimbursed the purchaser, who had paid the judgment, and then sued the defendant in *assumpsit* for the purchase price of the timber, which he claimed was agreed upon at a sum distinct from

that agreed to be paid for the land. No reference was made in the deed to said timber. And it is held that, the timber being personal property, the title thereto did not pass by the deed; that some other agreement was necessary for that purpose; and that the plaintiff was not precluded from showing the actual arrangement by the fact that the consideration for both the land and the timber was included in the consideration expressed in the deed.

2. It is competent for the plaintiff to recover the purchase price of the timber under a common-count declaration.

3. Upon the institution of the suit against the purchaser for the value of the timber, he notified the plaintiff in writing to appear and defend his title, and plaintiff gave the defendant a like notice, to which defendant paid no attention. And it is held that the defendant was tendered his day in court to test the question of his alleged title, in a suit in which it was involved, and, having failed to appear and defend said title, the judgment in that suit concluded him.

4. A failure to except to an adverse ruling as to the admissibility of testimony precludes the raising of the question in the appellate court.

Error to Iosco. (Simpson, J.) Submitted on briefs January 25, 1895. Decided February 26, 1895.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Phillips & Jenks,* for appellant.

*M. J. Connine,* for plaintiff.

GRANT, J. Plaintiff, a lumberman, purchased from one Maltby several 40-acre lots. One of these lots was claimed by the defendant, and also by one Thompson. Before the dispute over the title arose, plaintiff had cut nearly all of the timber, and sold it to the H. M. Loud & Sons Lumber Company. Defendant appears to have convinced plaintiff of the validity of his title, and he executed to him a warranty deed, the express consideration of which was $200. Thompson afterwards sued the lumber company in

trover for the value of the timber cut from this land. His right of recovery depended upon his title to the land. Upon the institution of that suit, the lumber company notified plaintiff to appear and defend his title. He in turn sent a written notice to defendant by registered letter, notifying him of the pendency of the suit, and to appear and protect the title and save him harmless. To this notice or to the suit defendant paid no attention, and Thompson recovered. The lumber company paid the judgment, and plaintiff paid the lumber company, and brought this suit against the defendant to recover the purchase price of the timber, which he alleges to have been $150.

1. Defendant objected and excepted to the introduction of testimony of a verbal agreement between the parties in regard to the land and timber, claiming that the entire arrangement became merged in the deed, and that the plaintiff cannot recover under a declaration upon the common counts, but must declare specially. Plaintiff gave evidence tending to show that $150 was the price agreed upon for the timber, and $50 for the land. The testimony on the part of the defendant was to the effect that nothing was said about a separate consideration for the timber. We think the defendant's position cannot be sustained. The timber cut was personal property, and title to it did not pass by the deed itself. Some other agreement was necessary in order to convey it. Plaintiff was not precluded from showing the actual arrangement by the fact that the consideration for both the land and the timber cut was included in the deed. If defendant had sued plaintiff, in either trespass or trover, for the value of the timber, plaintiff, under all the authorities, could have shown the actual arrangement, and that the purchase price of the timber was included in the deed and had been paid. The consideration of a deed is always open to inquiry. *Stro-*

*hauer v. Voltz,* 42 Mich. 447; *Trevidick v. Mumford,* 31 Id. 467; *Dean v. Adams,* 44 Id. 117.[1]

2. An action in *assumpsit* upon the common counts will lie to recover the purchase price paid, where the vendor has no title or there has been a failure of consideration. This is not a suit for breach of contract, in which the declaration must be special, but where the defendant has received the entire consideration for personal property, to which he represented that he had title, but to which in fact he had not. In such case the equitable action for money had and received will lie. *Johnson v. Insurance Co.,* 39 Mich. 33; *Barnard v. Colwell,* 39 Id. 215; *Child v. Pierce,* 37 Id. 155; *Wright v. Dickinson,* 67 Id. 580; *Ripley v. Case,* 78 Id. 126; 4 Wait, Act. & Def. 500.

3. It is insisted that there was no evidence that defendant's title to the land from which the timber was cut was not good. The reply to this is that he was tendered his day in court to test this very question, in a suit where his title was involved, and where it was his duty to appear and defend it. Having failed to do so, the judgment in that suit concludes him. *Axford v. Graham,* 57 Mich. 422.

4. It is claimed that there was no legitimate evidence that defendant was notified by plaintiff of the pendency of the suit. Plaintiff testified that he notified the defendant by registered letter sent to him at Port Huron that the trial was coming off. He then offered in evidence a notice dated July 6, 1891, which was full and explicit as to the pendency of that suit. This was objected to as immaterial, irrelevant, and incompetent under the declaration. No exception was taken to the ruling, which of itself precludes the raising of the question in this Court. But no such objection as is now made was raised upon the trial, and therefore cannot be raised here. The conclusion is irresisti-

---

[1] See *Adams v. Watkins,* 103 Mich. 431.

ble that it was then understood by the witness, the court, and the jury that the notice introduced was the one sent by registered letter. The defendant did not deny its receipt.

The judgment is affirmed.

The other Justices concurred.