UNION NATIONAL BANK *v.* RICH.

1. APPEAL—REVIEW—RES JUDICATA.
   A question directly raised on appeal, and passed upon by the court after a full discussion and citation of authorities by counsel, is not open for consideration on a second appeal.

2. SAME—FINDINGS ON DISPUTED EVIDENCE.
   A finding of the circuit judge as to the value of a stock of goods involved in a chancery suit heard before him, concerning which the opinions of witnesses are not in harmony, will not be disturbed on appeal, unless it clearly appears to be erroneous.

3. SALE UNDER TRUST MORTGAGE — LIABILITY OF PURCHASER—CONTRIBUTION—EQUITY—DECREE.
   One who, knowing of the right of another to be subrogated to the claim of a beneficiary under a trust mortgage, purchases the property covered thereby, paying the full purchase price to the other beneficiaries, cannot complain that a decree by which he is held liable to the excluded claimant for the latter's proportion of the purchase price, and which is made without prejudice to his right to bring an action at law against the other beneficiaries to recover the amounts paid to them in excess of their *pro rata* shares, does not go further, and enforce contribution in the same suit.

Appeal from Wayne; Peck, J., presiding. . Submitted January 6, 1898. Decided March 29, 1898.

Bill by the Union National Bank of Detroit against Charles A. Rich, trustee, and others, to compel the appli-

cation of certain of the proceeds of a trust mortgage to the payment of a note held by complainant, and for other relief in connection therewith.  From the decree rendered, complainant and certain of the defendants appeal. Affirmed.

*Sloman & Groesbeck*, for complainant.

*A. G. Pitts*, for appellants Oscar E. Rasch and Augusta Rich.

*T. T. Leete, Jr.*, for appellants Walter Buhl & Co.

*Charles K. Latham*, for appellee Charles A. Rich.

*Brennan, Donnelly & Van De Mark*, for appellee Peninsular Savings Bank.

*Wells, Angell, Boynton & McMillan*, for appellee American Exchange National Bank.

*Bowen, Douglas & Whiting*, for appellee Mechanics' Bank.

MOORE, J.  This case has been here before, and is reported as *Union National Bank* v. *Rich*, 106 Mich. 319.  A reference to the case, as reported, will aid in the understanding of its present situation.  After the case was remanded for further proceedings, a trial was had, and a large amount of testimony was taken, the witnesses being examined in open court.  A decree was rendered, in which the circuit judge found that, when the chattel mortgage was made, the defendant August Rasch was insolvent, and that the complainant and the defendant the Peninsular Savings Bank were entitled to be subrogated to his rights in the mortgage before any of the property was sold to Walter Buhl & Co., or before the trustee in the mortgage assented to said sale, and that their rights in said mortgage could not be impaired through any act of the defendant Rasch; that defendants Buhl & Co. knew of the existence of the mortgage and its terms when they purchased the property, and had notice of the rights of the banks in the mortgage.  The circuit judge further found

that the property sold to Buhl & Co., including the stock, fixtures, leasehold interest, and horse and wagon, would, upon foreclosure, realize no more than Buhl & Co. paid for it, and that the value of such property at the time of the sale was $10,000. The circuit judge decreed the proportionate share to which each of such banks should be entitled of such fund. He also made a decree disposing of the book accounts, and fixing the interest of the two banks therein, and a decree in relation to the other property mentioned in said bill of complaint. From that decree the complainant and the defendants Oscar E. Rasch, Augusta Rich, and Buhl & Co. appealed.

Counsel for defendants Rich and Rasch makes a very elaborate argument, in which he seeks to show that complainant is not entitled to be subrogated to the rights of August Rasch, and that if it is, inasmuch as Mr. Rasch discharged the mortgage at the time Buhl & Co. purchased the stock, there is nothing to which the complainant can be subrogated. It is urged by the complainant's counsel that the question of subrogation was fully discussed by counsel when the case was here before, and that as to that portion of the case it is not now open to argument. In that respect counsel are right. The brief of the solicitor for the defendants Rich and Oscar Rasch raised the question direct, and stated that this was really the point upon which the case turned, and cited a large number of authorities which he claimed supported his contention. The argument made then was substantially the same as the argument now made. The position taken by the solicitor for the defendants was disputed by the solicitors for the complainant, who cited a large number of authorities in support of their view, and the court adopted the view entertained by the solicitors for the complainant. That feature of the case must, then, be considered as *res adjudicata.*

It is the contention of the complainant that the court erred in deciding the value of the property to be but $10,000. It is urged that the inventory showed it to be worth more than twice that amount, and that, under the

peculiar circumstances of this case, the amount found by the court is too small. The property described in the mortgage consisted chiefly of a stock of fur goods. The sale to Buhl & Co. was made in June, 1894. The season for that kind of goods, at retail, had passed, and would not open again until December. It is a matter of common knowledge that when fur garments are out of style their value is very greatly depreciated. The judgment of the witnesses varied as to the value of this property. They were sworn and testified in the presence of the court, whose opportunity of seeing their degree of intelligence and candor was much better than ours. We do not think it clearly appears from the record that the trial judge was wrong in his conclusion as to the value of the property purchased by Buhl & Co.

It is claimed on the part of Buhl & Co. that the American Exchange National Bank and Mechanics' Bank, inasmuch as they had been paid their claims in full, should be required to contribute to Buhl & Co. for a portion of what they had received. It is the claim on the part of the banks that they were beneficiaries named in the mortgage, and discharged their interest therein upon the agreement that there should be delivered to them, respectively, the note of Walter Buhl & Co. for the amount of indebtedness which was due them from Rasch & Co., and that these notes were afterwards paid voluntarily, and that Buhl & Co. are not entitled to any contribution. Under the facts disclosed by the record, we think the decree of the circuit judge, made without prejudice to the right of said Buhl & Co. to sue at law to recover from these banks, is quite as favorable as Buhl & Co. have any right to ask.

The decree of the lower court is affirmed. Appellees will recover costs of this court against the appealing defendants.

Montgomery, Hooker, and Long, JJ., concurred. Grant, C. J., did not sit.