BUHL *v.* MECHANICS' BANK OF DETROIT.

EVIDENCE—PAROL AGREEMENT—ADMISSIBILITY.

> Where a purchaser of goods from a trustee for creditors ·gave his notes for the price to the creditors whose claims were admitted, under a verbal agreement and understanding that they should prorate with him any additional amount he might be required to pay to others, whose claims were then in dispute, evidence of such agreement, in an action to enforce it against the original creditors, was not objectionable as contradicting the notes.

Error to Wayne; Waite, J. Submitted January 10, 1900. Decided April 3, 1900.

*Assumpsit* by Walter Buhl against the Mechanics' Bank of Detroit upon a contract of indemnity. From a judgment for plaintiff, defendant brings error. Affirmed.

*Bowen, Douglas & Whiting*, for appellant.

*Corliss, Andrus & Leete*, for appellee.

MOORE, J. The plaintiff is the assignee of Walter Buhl & Co. Oscar E. Rasch & Co., dealers in furs, became financially embarrassed. They gave a chattel mortgage to Charles A. Rich, trustee, to secure certain creditors, among which were the defendant bank and the American Exchange National Bank. Walter Buhl & Co. arranged with these creditors, with Rasch & Co., and with the trustee to buy the property and effects covered by the mortgage, with certain exceptions, free from all mortgage incumbrances, for $10,000, for which they were to give their promissory notes, payable January 1, 1895. The parties got together for the purpose of carrying out this agreement. A written request was made to the trustee, signed by the creditors named in the mortgage, to carry out this arrangement.

It is the claim of the plaintiff, and he gave proof in support of his claim, that, when the parties got together to carry out this arrangement, it was suggested that the Peninsular Bank and the Union Bank claimed to have an interest in the property by virtue of the mortgage made to the trustee, which claim was not admitted by those present. It is his further claim that it was agreed that he should give three notes, aggregating $10,000, for the property and effects he was buying, and, if the courts should afterwards decide that the Peninsular Bank and the Union Bank had an interest in the property, establishing a claim against him, so that he should be required to pay not only the notes, but an additional sum above the $10,000, that the defendant and the other creditors should prorate with him in the amount above the notes he was required to pay; and that, relying upon this agreement, he bought the property, gaves his notes for the $10,000, and afterwards paid them. This court afterwards held (*Union Nat. Bank* v. *Rich*, 106 Mich. 319, 116 Mich. 414 [64 N. W. 339, 74 N. W. 659]) that the Peninsular Bank and the Union Bank had an interest in the property, and because of that holding Buhl & Co. were obliged to pay more than the $10,000 evidenced by the notes. This agreement rested in parol, and is said by the defendant never to have been made. The trial court submitted the question to the jury, which found in favor of the contention of the plaintiff.

A number of errors are assigned in relation to the trial of the case, the principal one of which is that, as Buhl & Co. gave their notes in payment for the property and effects, the court erred in allowing the plaintiff to show the parol agreement, urging that this allowed parol testimony to contradict a written contract; counsel citing *Phelps* v. *Abbott*, 114 Mich. 88 (72 N. W. 3), and other cases. We do not think these cases are in point. There is no claim here that Buhl & Co. were not to pay the notes, but, on the contrary, it is agreed they were to pay them; but it is claimed that if, in addition to paying the notes, Buhl & Co. were required to pay an additional

sum, the defendant should pay its share of that sum. It is conceded by counsel that it was the intention of the parties that the property bought by Buhl & Co. was to cost them but $10,000. If the contention of the defendant prevails, it will cost them much more than $10,000. If the contract was made as claimed by the plaintiff, as he has performed his part of it, I can see no difficulty in holding the defendant bound to perform its part. See *Bennett* v. *Beidler*, 16 Mich. 150; *Bowker* v. *Johnson*, 17 Mich. 42; *Trevidick* v. *Mumford*, 31 Mich. 467; *Doty* v. *Martin*, 32 Mich. 462; *Blackwood* v. *Brown*, 34 Mich. 4; *Richards* v. *Fuller*, 37 Mich. 161; *Brittain* v. *Kelly*, 86 Mich. 278 (49 N. W. 53); *Fitzpatrick* v. *Hoffman*, 104 Mich. 228 (62 N. W. 349); 1 Greenl. Ev. § 284*a*.

The other questions suggested by counsel have been considered, but we do not deem it necessary to discuss them.

Judgment is affirmed.

MONTGOMERY, C. J., HOOKER and LONG, JJ., concurred with MOORE, J.

GRANT, J. I think the case is ruled by *Bennett* v. *Beidler*, 16 Mich. 150.