## Richard Trevidick v. Peter Mumford.

*Sales : Interest in business and mill property : Consideration : Deed : Bill of sale : Parol evidence : Written instruments.* Where one has sold to another an undivided one-half of his interest in the business and property connected with a planing mill, owned by a firm of which he was a member, in consideration of the undertaking by the vendee to assume one-half the liability of the vendor upon the debts of the concern and the incumbrances on the realty, and also to pay one-half of a mortgage the vendor was individually owing on certain other property, the stipulation as to this latter mortgage would not naturally or properly enter into or constitute a part either of the deed by which the interest in the realty was conveyed, or of the bill of sale by which the interest in the business was transferred, so as to exclude parol evidence that such stipulation was part of the consideration of the sale, on the ground that it tended to vary or contradict such deed or bill of sale.

*Submitted on briefs April 13. Decided April 20.*

Error to Saginaw Circuit.

*D. W. Perkins,* for plaintiff in error.

*Wisner & Draper,* for defendant in error.

GRAVES, CH. J.

The firm of Trevidick, Deering & Co. were carrying on a planing mill, the plaintiff in error having a quarter interest in the property and business. He made a verbal sale to defendant of half of his interest in the business and in the property, real and personal, subject, however, to all debts and incumbrances, and the defendant undertook to pay a share. He also, as a part of the consideration, undertook to pay one-half of a mortgage the plaintiff was owing, and which rested upon certain property called the Salina property. This property, however, was distinct from that which the plaintiff was to convey, and was not included in the sale. The assumption of these different obligations was the consideration allowed by Mumford.

Afterwards, and on the seventh of April, 1870, the plaintiff gave his deed for the real property to be conveyed,

and the assumed incumbrances upon this property, and the agreement by Mumford in regard to payment of them, were set forth. At the same time he gave Mumford a bill of sale in the following terms:

"Know all men by these presents, that Richard Trevidick, of the city of East Saginaw, in the county of Saginaw, and state of Michigan, of the first part, for and in consideration of the sum of six hundred and sixty-six dollars and sixty-seven cents, lawful money of the United States, to me paid by Peter Mumford, of said East Saginaw, of the second part, the receipt whereof is hereby acknowledged, has bargained and sold, and by these presents do grant and convey unto the said party of the second part, his executors, administrators or assigns, the undivided one-half of all his title and interest in and to all the property, both real and personal, stock in trade, money, effects, and assets of every name and nature of the partnership heretofore carried on in said East Saginaw, under the name of Trevidick, Deering & Co., and the one-half interest in said business, subject to one-half of the first party's liability on the debts of said firm, including mortgages on the real estate, the amount of which is in a schedule hereto attached, which the second party assumes and agrees to pay the proportion of said debts subject to which this sale is made, and the proportion which the second party assumes is one-eighth of said partnership debts, belonging to him and now in possession at said East Saginaw; to have and to hold the same unto the said party of the second part, his executors, administrators, and assigns forever. And the said party of the first part, for himself, his heirs, executors and administrators, do covenant and agree to and with the said party of the second part, his executors, administrators and assigns, to warrant and defend the sale of said property, goods and chattels hereby made unto the said party of the second part, his executors, administrators, and assigns, against all and every person or persons whatsoever, subject to such proportion of said firm debts.

TREVIDICK *v.* MUMFORD.

" In witness whereof I have hereunto set my hand and seal this seventh day of April, one thousand eight hundred and seventy.

" RICHARD TREVIDICK.   [Seal.]

" Schedule of liabilities of the firm of Trevidick, Deering & Co.:

| | | | |
|---|---|---|---|
| C. W. Grant | $800 00 | A. L. Staring | $9 35 |
| H. Trevidick | 450 00 | H. Trevidick | 299 00 |
| John Galagher | 1,101 00 | R. Trevidick | 57 09 |
| S. & C. McLean | 479 31 | Jas. Deering | 126 63 |
| B. B. Buckhout | 2 90 | Alva Hatch | 39 89 |
| W. W. Hoyt | 120 00 | J. E. Allen | 52 78 |
| Paul Brown | 20 00 | Geo. Hart | 48 79 |
| C. O. Garrison | 25 55 | J. Tooley | 12 48 |
| C. & T. Spencer | 1 34 | C. Verlere | 38 00 |
| Feige Bro's | 1 39 | Wm. Perry | 7 14 |
| Chas. Lee | 34 27 | J. Eikell | 1 26 |
| Randall | 10 00 | A. Chapin | 5 41 |
| Peterson | 31 29 | T. Stevens | 3 79 |

" Mortgage of seven thousand dollars to N. Gorham, at ten per cent. interest semi-annually.

" Mortgage of two thousand dollars to E. W. Perry, at ten per cent. semi-annually."

Neither the deed nor bill of sale mentioned the Salina mortgage.

The plaintiff in error brought this suit and based his right on Mumford's assumption of obligations, and particularly on the agreement to pay a share of the Salina mortgage; and on the trial he offered verbal proof to establish his claim to recover upon the undertaking connected with that mortgage. This evidence was excluded under an objection that it would tend to explain or contradict the deed and bill of sale. The defendant had a verdict.

The question is, whether the court erred in sustaining this objection. I think it did.

*First*, as to the deed of conveyance. That instrument was made by the plaintiff, and it had no relation to the property covered by the Salina mortgage. It was a conveyance of other and separate property, which by the ver-

bal agreement was to be transferred. A stipulation in this instrument, concerning the assumption and payment of the mortgage on the Salina land, would have been inapt and out of place. Neither the legitimate office nor the shape of this paper was suited to such a provision, and hence the circumstance that it did not appear in the deed could afford no ground for the objection that the independent proof offered would vary it.

*Second*, as to the bill of sale. This paper, too, was one made by the plaintiff, and was not meant to contain all the obligations of defendant, and it does not purport to set forth the whole trade or the entire consideration. It professes to deal with so much of the bargain as related to the interest to be conveyed, and such burdens upon and against that interest as the defendant was to pay or help pay. Any reference to liens upon foreign interests, whatever may have been the arrangement for their assumption by the defendant, does not appear to have been within the scope of this paper. And as the Salina interest was not one of those to be conveyed, the mortgage upon it, if assumed, was not of the class of matters calling for mention in it. A distinct and separate debt would be out of place in a specific catalogue of burdens against interests to be conveyed. On the whole, the bill of sale is considered as applying to the interests bargained by plaintiff to defendant and the burdens against it, and as not intended to embody any notice of undertakings of a different nature, if any such were made by the defendant.

So far as it extends, then, this paper would operate just the same if verbal proof were admitted that Mumford was under obligation to pay half of the Salina mortgage. Its force would not be changed in the least.

The judgment must be reversed, with costs, and a new trial granted.

COOLEY, and CAMPBELL, JJ., concurred.