PEOPLE v RORKE

1. CRIMINAL LAW—FORFEITURE OF BOND—RECKLESS NEGLECT—NO-
   TICE.

   A felony prosecution for forfeiture of a bond requires a minimal
   showing that a defendant recklessly neglected or disregarded a
   known obligation to appear and defend; before such a finding
   can be made, it must be shown that a defendant was apprised
   of his or her court date.

2. CRIMINAL LAW—STATUTES—FORFEITURE OF BOND—NOTICE—STATU-
   TORY CONSTRUCTION—VALIDITY OF STATUTE.

   The Court of Appeals is bound to construe a statute in a way to
   maintain the statute's validity if possible; therefore, the statute
   allowing a felony prosecution for forfeiture of a bond must be
   construed as requiring proof of notice to the defendant of the
   court date at which he was to appear and defend, from which
   recklessness or intentional conduct can be proven or inferred,
   in order to sustain the statute's validity (MCLA 750.199a; MSA
   28.396[1]).

3. CRIMINAL LAW—CONSTITUTIONAL LAW—PASSIVE CONDUCT—NOTICE
   —DUTY TO ACT.

   Conduct which is wholly passive, unaccompanied by any activity
   or circumstances to alert a defendant to a duty to act, cannot
   constitutionally be punished where the defendant did not know
   of the duty and there is no proof or probability of such knowl-
   edge.

4. CRIMINAL LAW—DISQUALIFICATION OF TRIAL JUDGE—SHOWING OF
   BIAS—PRIOR ADVERSE RULINGS.

   A trial judge in a criminal matter has no obligation to disqualify

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 8 Am Jur 2d, Bail and Recognizance §§ 139–144, 168.

58 Am Jur 2d, Notice § 4. Validity, construction, and application of
provisions of federal Bail Reform Act of 1966 (18 USCS § 3150)
imposing penalties for failure of person released under the act to
appear as required. 14 ALR Fed 927.

[2] 73 Am Jur 2d, Statutes §§ 274–276.

[4] 46 Am Jur 2d, Judges §§ 166–172, 180 et seq.

Disqualification of judge for having decided different case against
litigant. 21 ALR3d 1369.

himself absent a showing of actual bias or prejudice; prior adverse rulings by a trial judge do not automatically disqualify the judge.

Appeal from Monroe, James J. Kelley, Jr., J. Submitted October 19, 1977, at Detroit. (Docket No. 30100.) Decided January 4, 1978.

Frank J. Rorke, III, was convicted of absconding on or forfeiting bond. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael W. LaBeau,* Prosecuting Attorney, for the people.

*Zaums & Nearpass,* for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and W. R. BROWN,* JJ.

W. R. BROWN, J. Defendant was convicted of absconding on or forfeiting bond, MCLA 750.199a; MSA 28.396(1). Defendant claims an appeal as of right from the conviction and June 9, 1976, sentence of 2-1/2 to 4 years in prison. Prior to trial, defendant timely moved to quash the order binding defendant over for trial and this motion was denied. We reverse.

The statute under which the defendant was charged reads in pertinent part as follows:

"Any person who shall abscond on or forfeit a bond given in any criminal proceedings wherein a felony is charged shall be deemed guilty of a felony."

At the preliminary examination it was shown that defendant failed to appear in circuit court on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

March 4, 1975, for a trial on a charge of breaking and entering an occupied dwelling with intent to commit larceny therein.[1] No proofs were submitted to the magistrate showing that defendant was given notice of the trial date or that he was otherwise apprised of the trial date and neglected to attend. Thus, the significant issue in this appeal is whether the above-quoted statute requires proof of scienter. We hold that it requires minimal proof of reckless neglect or disregard of a known obligation to appear and defend.

In *People v Litteral,* 75 Mich App 38, 43–44, n 2; 254 NW2d 643 (1977), this Court considered the mental element required for conviction of absconding under the statute. *Litteral* indicated that proof of a general criminal intent would be sufficient but a holding in this regard was made unnecessary by the finding of specific intent. Likewise, we need not resolve the question of whether specific intent or general intent is required for conviction, since there was no showing before the examining magistrate of any mental state.

We recognize that in civil law a forfeiture may be effected without any intent to forfeit, unlike an abandonment. See *In re Manse Spring and Its Tributaries In Nye County,* 60 Nev 280; 287–288; 108 P2d 311, 315 (1940). We also recognize that as between a bonding company and the State of Michigan, a bond may be declared forfeited without inquiry into intent of the principal to forfeit since "a surety bond * * * is a contract between the government and the principal and surety". *People v Tom Johnson,* 72 Mich App 702, 707; 250 NW2d 508 (1976). However, a felony prosecution for forfeiture of a bond requires a minimal showing that a defendant recklessly neglected or disre-

---

[1] MCLA 750.110; MSA 28.305.

garded a known obligation to appear and defend. Before such a finding can be made, it must be shown that a defendant was apprised of his or her court date.

We so construe the statute in order to maintain its validity. This we are bound to do if possible. *In re Petition of State Highway Commission,* 383 Mich 709, 714; 178 NW2d 923 (1970). If the statute does not require proof of notice from which recklessness or intentional conduct can be proven or inferred, the statute may be fatally defective under *Lambert v California,* 355 US 225; 78 S Ct 240; 2 L Ed 2d 228 (1957). We acknowledge that the Legislature has great latitude in specifying offenses and excluding elements of knowledge and diligence from the definition of an offense. However, there are situations in which notice must be required in order to sustain the validity of a criminal law. This category is delineated in 21 Am Jur 2d, Criminal Law, § 6, p 87, as follows:

"[C]onduct which is wholly passive, unaccompanied by any activity or any circumstances to alert the defendant to a duty to act, cannot constitutionally be punished where the defendant did not know of the duty and there is no proof or probability of such knowledge."

We regard the present case as falling within this limitation. Absent proof of notice to a defendant of his court date, he cannot incur criminal liability under MCLA 750.199a; MSA 28.396(1). Staying away from a courthouse is wholly passive activity. Absent proof of notice of a court date, there is nothing to alert a defendant that he has a duty to appear. Since there was no proof at the preliminary examination that defendant was apprised of his court date, the magistrate erred in binding defendant over for trial. The motion to quash the

order binding defendant over should have been granted and we reverse the denial of that motion.

Defendant also argues that the trial judge should have disqualified himself. The record, however, does not show such actual bias or prejudice as would be necessary for reversal on this ground. *People v Lobsinger,* 64 Mich App 284, 288–290; 235 NW2d 761, *lv den,* 395 Mich 802 (1975). Prior adverse rulings do not automatically disqualify a judge on this ground. See *People v Ginther,* 39 Mich App 113, 114–115; 197 NW2d 281 (1972), *reversed on other grounds,* 390 Mich 436; 212 NW2d 922 (1973). See also *People v Moran,* 36 Mich App 730, 734; 194 NW2d 555 (1971).

We regard the remaining issues raised by defendant as unnecessary for discussion or lacking in merit.

Reversed.