PEOPLE v ELMORE

Docket No. 78-3647. Submitted April 9, 1979, at Lansing.—Decided
    October 1, 1979.

Robert Elmore was convicted in Lenawee Circuit Court of deliv-
    ery of heroin, Rex B. Martin, J. The defendant was also
    convicted, on his plea of guilty, of being a third felony offender.
    The defendant appeals, alleging that 1) the trial judge erred in
    failing to grant the defendant's motion to disqualify the trial
    judge, 2) his waiver of a jury trial went unheeded, thus war-
    ranting reversal of the conviction on the charge of delivery of a
    controlled substance, 3) the trial court improperly denied the
    defendant's request for a cautionary instruction concerning an
    outburst by the defendant before the jury, 4) one of the instruc-
    tions to the jury was coercive and another failed to define
    specific intent and reasonable doubt, and 5) a new jury should
    have been empaneled to hear the supplemental charge of being
    a habitual offender. *Held:*

    1. There is nothing in the record to show that the trial judge
    felt any bias or prejudice towards the defendant at the time of
    trial. The fact that the trial court had heard prior matters
    involving criminal charges against the defendant is insufficient
    to require his disqualification without a showing of bias or
    prejudice. There was no error resulting from the failure to
    disqualify.

    2. A careful reading of the record shows that, in the out-
    bursts by the defendant, he did not waive a trial by jury but
    wanted a jury trial with a different judge presiding.

    3. The trial court's refusal to give the cautionary instruction
    requested by the defendant may well have been predicated on
    the fear that such an instruction would emphasize the defen-
    dant's outburst and prejudice him. It was within the trial
    court's discretion to refuse to give the instruction. The basic
    message of the requested instruction was contained in the trial

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judges § 179.
[2] 75 Am Jur 2d, Trial § 589.
[3] 5 Am Jur 2d, Appeal and Error § 623.
[4] [No Reference]

court's instructions to the jury. There was no abuse of discretion.

4. The defendant did not raise before the trial court the other alleged errors in the instructions to the jury. In the absence of a miscarriage of justice, the Court of Appeals will not review such alleged errors for the first time on appeal. There was no error.

5. The defendant was not entitled to have a new jury empaneled to hear evidence on the habitual offender charge.

Affirmed.

1. CRIMINAL LAW — JUDGES — DISQUALIFICATION OF JUDGES — BIAS — PREJUDICE.

The record must show actual bias or prejudice before a conviction will be reversed on the ground that the trial judge should have disqualified himself; a judge is not automatically disqualified because he has made prior rulings adverse to a defendant.

2. APPEAL AND ERROR — INSTRUCTIONS TO JURY — CRIMINAL LAW — DISCRETION — REQUESTED INSTRUCTIONS.

The failure to give a requested cautionary instruction to the jury is reversible error in some circumstances; however, the trial court has some discretion in giving instructions to the jury and where it is not clear that an instruction requested by a defendant would have been favorable to the defendant, the refusal to give it does not require reversal.

3. APPEAL AND ERROR — PRESERVING ISSUE — JURY INSTRUCTIONS — MISCARRIAGE OF JUSTICE.

Failure to object at trial to the jury instructions precludes appellate review of alleged error in such instructions, except where a miscarriage of justice would otherwise result.

4. CRIMINAL LAW — MULTIPLE OFFENDERS — NEW JURY.

The empanelment of a new jury is not required where a defendant is tried as a multiple felony offender after his conviction by a jury of the original crime charged.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Mark I. Leach,* Assistant Attorney General, of counsel), for the people.

Robert Elmore, *in propria persona.*

Before: V. J. Brennan, P.J., and Bronson and Cynar, JJ.

V. J. Brennan, P.J. Defendant appeals as of right from his March 23, 1978, jury conviction of delivery of a controlled substance, heroin, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a). Defendant also pled guilty to a supplemental information charging him as a third felony offender, MCL 769.11; MSA 28.1083, and was sentenced to prison for 20 to 40 years with credit for 311 days served.

This case is one of a series of heroin delivery cases that resulted from the activities of police undercover agents in Lenawee County in the spring of 1977. In this particular case an addict informant working with the Michigan State Police testified that on March 24, 1977, he went with Michigan State Police undercover agent David W. Hubbard to the E & E Pool Hall in Adrian, Michigan, defendant's place of business. After the informant had engaged in some preliminary conversation with Elmore, Hubbard gave the informant $100 with which to purchase heroin. The informant testified that he gave defendant the money in return for 10 aluminum foil packets which were later determined to contain heroin.

Defendant testified and denied selling heroin to anyone. Defendant was convicted and this appeal followed.

Defendant first argues that the lower court erred when it failed to grant his motion to disqualify. We disagree.

On the date of trial, defendant asked Judge Martin to disqualify himself. Defendant argued that Judge Martin was biased because the judge had heard several cases arising from the metro squad operation in Lenawee County. Some of these

cases had involved defendant and some had occurred at defendant's place of business, the E & E Pool Hall. Defendant also referred to Jackson County Circuit Judge Charles Falahee's ruling disqualifying both Judge Martin and Lenawee County Circuit Judge Kenneth B. Glaser from hearing a case involving Cleveland Edmonds.

The trial court responded that:

"Well, I, of course, I didn't hear what went on when Mr. Wilcox had his motion before Judge Falahee under the rules that then prevailed. Seems to me in this particular case that the Court is duty bound as part of his responsibility to deny the motion. I don't think there's any personal prejudice here, and I know of none, and if I have to disqualify myself in this case because I have heard other matters both relative to the drug raid and other matters relative to this Defendant, then there's going to be dozens and dozens and dozens of cases through the years that I am going to have to be disqualified on. There have been other people charged in this Court with very serious felonies, and some of 'em we have tried four and five times, and some of those trials, they have been found not guilty with this Judge sitting here. Others have been found guilty, and this Judge has had to sentence 'em. But I felt it my responsibility to continue to do a job I have been sworn to do."

The record must show actual bias or prejudice before a conviction will be reversed on the ground that the trial judge should have disqualified himself. *People v Rorke,* 80 Mich App 476, 480; 264 NW2d 30 (1978), *People v Lobsinger,* 64 Mich App 284; 235 NW2d 761 (1975). A judge is not automatically disqualified because he has made prior rulings adverse to a defendant. *People v Rorke, supra.*

The present case differs from *People v Lobsinger, supra,* where Judge Ravitz of Detroit Recorder's Court acknowledged that he and the de-

fendant were opposed politically and that he, Judge Ravitz, had some degree of animus towards the defendant.

Here defendant argues that Judge Martin's presence at earlier trials and remarks at the sentencings required his disqualification in this case to avoid the appearance of impropriety. There is no showing that the court's prior contact with defendant interferred with his impartiality towards defendant in this trial. *Wayne County Prosecutor v Doerfler,* 14 Mich App 428; 165 NW2d 648 (1968). Our inquiry focuses on the trial court's state of mind at the time of the trial. *People v Lobsinger, supra.* The record shows that the trial court felt no bias or prejudice towards the defendant. In such a case there is nothing to prevent the trial court from hearing several cases involving the same defendant.

Next defendant claims that his waiver of jury trial went unheeded, thus warranting reversal. This claim is without merit. Defendant was upset by the trial judge's refusal to disqualify himself. His displeasure led to an outburst which ultimately resulted in his removal from the courtroom. During the course of his outburst, defendant first said "I don't want no jury trial". Later he said "I want a trial by jury, but that trial cannot be by a jury if you [Judge Martin] is the juries *[sic]*, if you want to reside over that *[sic]*". A careful reading of defendant's outburst shows that he wanted a trial by jury, but with a different judge presiding. This conclusion is supported by the fact that no written waiver of a jury trial was filed as required by MCL 763.3; MSA 28.856.

Next defendant argues that the trial court im-

properly denied his request for a cautionary instruction concerning his outburst before the jury.[1]

In certain circumstances the failure to give a requested cautionary instruction is reversible error. *People v Guilinger,* 30 Mich App 711; 186 NW2d 861 (1971). However, the trial court has some discretion in giving instructions to the jury, *People v Emmert,* 76 Mich App 26; 255 NW2d 757 (1977), and where it is not clear that a requested instruction would have been favorable to the defendant, the refusal to give it does not require reversal. See *People v Dermartzex,* 390 Mich 410; 213 NW2d 97 (1973).

Here the lower court's refusal may well have been predicated on the fear that the cautionary instruction would emphasize defendant's outburst and prejudice him. In addition the basic message of any cautionary instruction concerning defendant's outburst was contained in the instructions the court gave the jury. In its instructions, the trial court told the jury that "[y]ou must make your determination of the facts from what you heard from the witness stand and from the one exhibit offered and received and from no other

---

[1] Defendant's remarks included the following:

"THE RESPONDENT: Want to tie me up, gag me, tie me up, gag me, tie me up and gag me; no—no—no, I can't do it decently. He won't dismiss himself. He say I'm number two dope seller. He's the king. He's the kangaroo, so he ain't going to try me. Just tie me in the corner just like I'm a god damned nigger. That's the way you treating me, so tie me up in the corner. You didn't then and (Respondent talking in an unintelligible manner at this time) for something, God damned. He believe a junkie, and same junkie going to come back down here.

"(At this time several deputies escorting the Defendant out of the Courtroom)

"THE RESPONDENT: Take me out; take me out; take me out.

"(The following remarks are from the Defendant who is at this time out of the Courtroom in the hallway)

"THE RESPONDENT: Now you all go in and try me and give me a hundred more years, mother fucker. You ain't going to try me no more, give me hundred and ten years on what the junkie said."

source * * * anything said in the Courtroom [that] is not said under oath is not evidence". We find no error.

Next defendant challenges two separate instructions to the jury, the first as coercive and the second as failing to define specific intent and reasonable doubt. The defendant did not raise these alleged instructional errors below. We do not review this type of objection raised for the first time on appeal absent miscarriage of justice. GCR 1963, 516.2; *People v Haney,* 86 Mich App 311, 318; 272 NW2d 640 (1978), *People v Sherman Hall,* 77 Mich App 456, 462; 258 NW2d 517 (1973). Such is not the case here. The instruction which defendant argues to be coercive does not fall within the ambit of *People v Ray,* 43 Mich App 45; 204 NW2d 38 (1972), where the trial court charged the jury that they must reach unanimous agreement of acquittal on the greater charge before considering the lesser included offenses. As to defendant's latter claim, a review of the court's instructions reveals that the court did place the issue of defendant's specific intent before the jury and did instruct the jury on the definition of reasonable doubt. The court's intent instructions informed the jury that they had to find that the defendant knowingly possessed the substance which he knew was heroin and knowingly delivered the heroin to another person. This was sufficient. In the reasonable doubt instruction the trial court repeatedly referred to the burden on the people to produce evidence to convince the jury beyond a reasonable doubt that the defendant was guilty of the charged offense. We find no error.

Contrary to defendant's next contention there is no right to the empanelment of a new jury to hear

habitual offender charges. *People v Eroh,* 47 Mich App 669, 676; 209 NW2d 832 (1973). We find no error in sentencing.

Defendant's conviction is affirmed.