PEOPLE v ASH

Docket No. 62798. Submitted April 14, 1983, at Lansing.—Decided June 29, 1983.

James A. Ash was convicted by a jury of breaking and entering a place of business with intent to commit larceny therein and in a bench trial of being an habitual offender, second offense, Alpena Circuit Court, Robert L. Ferguson, J. The defendant appealed. *Held:*

1. The trial court erred in permitting the prosecutor to introduce evidence of the defendant's prior conviction of entry without breaking with intent to commit larceny for impeachment purposes and as substantive evidence. The evidence was not admissible as substantive evidence because the prosecution failed to establish that there was some special quality or circumstance which linked the defendant's prior criminal act with the act for which he was being prosecuted. The trial court failed to articulate on the record the factors it was required to consider in determining the admissibility of evidence for impeachment purposes. The prosecutor failed to move for the admission of the evidence until after the defense counsel had completed his direct examination of the defendant. The defendant was entitled to know whether evidence of his prior criminal record would be used for impeachment before he took the witness stand.

2. The defendant's conviction of being an habitual offender should be reversed. The defendant did not waive his right to a jury trial on that charge in writing.

Reversed and remanded.

1. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — ADMISSIBILITY.

A prosecutor, upon seeking admission of evidence of a defendant's similar acts for substantive purposes, must identify with specificity the material purpose as prescribed by the rules of evi-

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 298 *et seq.*
[2, 3] 29 Am Jur 2d, Evidence §§ 320, 321, 327.
   81 Am Jur 2d, Witnesses §§ 569, 582.
[4] 47 Am Jur 2d, Jury §§ 81-83.

dence which would justify the admission, and where the prosecutor fails so to specify, the trial court should require such specification before determining whether the evidence is admissible (MRE 404[b]).

2. CRIMINAL LAW — EVIDENCE — ADMISSIBILITY OF EVIDENCE —
   IMPEACHMENT — PRIOR CONVICTIONS — ABUSE OF DISCRETION.

The factors a trial court must weigh in deciding whether or not to allow impeachment of a defendant in a criminal case by evidence of prior convictions are: (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?); (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that there is a danger that the jury will consider the defendant a "bad man" or assume that because he was previously convicted he likely committed this crime, thereby creating prejudice which outweighs the probative value on the issue of credibility?); and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?); a trial court abuses its discretion when it fails to consider these factors in deciding to allow evidence of prior convictions.

3. CRIMINAL LAW — DEFENDANT TESTIFYING — IMPEACHMENT —
   PRIOR CONVICTIONS — JUDGE'S DISCRETION.

Use of evidence of a defendant's prior conviction for impeachment of the defendant's credibility is within the discretion of the trial court; however, the defendant is entitled to know before he testifies whether, if he does so, evidence of the conviction will be admitted, and the trial court may not reserve its ruling until after the defendant has testified; failure of the defendant to insist on such a ruling before testifying does not amount to a waiver of an objection to use of the evidence.

4. CRIMINAL LAW — JURY TRIAL — WAIVER.

A valid waiver of a jury trial by a criminal defendant requires that there be a written waiver by the defendant in open court, said waiver being made by the defendant after he has had an opportunity to consult with counsel; the right to a jury trial cannot be waived by defense counsel or the court and will not be presumed from a silent record (MCL 763.3; MSA 28.856).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Theodore O. Johnson,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

State Appellate Defender (by *John Nussbaumer),* for defendant on appeal.

Before: DANHOF, C.J., and ALLEN and D. F. WALSH, JJ.

PER CURIAM. Defendant was convicted of breaking and entering a place of business with intent to commit larceny therein, MCL 750.110; MSA 28.305, following a jury trial. He was subsequently convicted as an habitual offender, second offense, following a bench trial. He was sentenced to serve a term of 5 to 15 years in prison. Defendant appeals his convictions as of right.

Defendant's convictions arose out of a burglary which occurred at Wickes Lumber Company in Alpena on October 31, 1978. Defendant and another person were apprehended as they were fleeing from the building. At trial, defendant claimed that he was unable to form the requisite specific intent to commit larceny due to the vast quantity of alcohol and drugs he had ingested earlier in the evening of the burglary.

Defendant claims that the trial court erred by permitting the prosecutor to introduce, for impeachment purposes and as substantive evidence, evidence of defendant's 1975 conviction for entry without breaking with intent to commit larceny.

We initially reject the prosecutor's claim that the evidence was admissible as substantive evidence pursuant to MRE 404(b) to establish defendant's intent. The prosecutor failed to establish that there was some special quality or circum-

stance which linked the 1975 act with this act. *People v Golochowicz,* 413 Mich 298, 409; 319 NW2d 518 (1982).

We also are of the opinion that the evidence was improperly admitted for impeachment purposes. Prior to the Supreme Court's 1980 modification of MRE 609, trial courts were not required to make findings on the record concerning all of the factors used to determine the admissibility of evidence of a defendant's prior convictions. *People v Woods,* 416 Mich 581; 331 NW2d 707 (1982). However, trial in the present case took place after the rule was amended. At the time of trial the rule provided:

"(a) For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if

\*     \*     \*

"(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination." See 408 Mich cxv.

The factors that the trial court was required to consider in determining the admissibility of this type of evidence were described in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978). The trial court failed to articulate on the record its application of the *Crawford* factors.

Even more troubling is the fact that the prosecutor failed to move for the admission of this evidence until after defense counsel had completed his direct examination of the defendant. The trial court should have declined to entertain the issue at that point. Defendant was entitled to know

before he took the stand whether evidence of his prior record would be used for impeachment. *People v Hayes,* 410 Mich 422, 426-427; 301 NW2d 828 (1981). Furthermore, it was the prosecutor's responsibility, not defendant's, to insist on a ruling on the issue before defendant took the stand. *People v Lytal,* 415 Mich 603, 609-610; 329 NW2d 738 (1982).

Defense counsel indicated that he was unaware that the prosecutor intended to raise the issue and that he would have advised defendant to invoke his privilege against self-incrimination had he been informed. Under these circumstances, we believe that reversal is required of defendant's breaking and entering conviction and we remand for a new trial.

We also reverse defendant's conviction on the habitual offender charge and remand for a new trial since defendant did not waive his right to a jury trial on that charge in writing as is required by MCL 763.3; MSA 28.856. See *People v Quick,* 114 Mich App 532; 319 NW2d 362 (1982).

Although it is clear that the references by several witnesses to other breaking and enterings were not anticipated by the prosecutor at trial, we trust that on retrial the witnesses will be instructed to refrain from repeating such statements.

To avoid repetition of another error, should defendant again be convicted on both charges, we note that the sentencing court was incorrect in its conclusion that it was required to sentence defendant to the statutory maximum on the habitual offender charge. See *People v Mauch,* 23 Mich App 723, 730; 179 NW2d 184 (1970).

Defendant's convictions are reversed and the case is remanded for new trials.