PEOPLE v CARR

Docket No. 79653. Submitted December 10, 1985, at Grand Rapids.—
Decided March 4, 1986. Leave to appeal applied for.

Defendant, Dana J. Carr, was an inmate at the Muskegon Correctional Facility. At a disciplinary hearing for violating department rules by allegedly assaulting another inmate defendant admitted threatening the other inmate with a weapon but denied hitting him. Defendant was later charged with felonious assault, Muskegon Circuit Court. The court, over defendant's objection, allowed evidence of defendant's statements to the hearing officer to be admitted. Defendant was convicted, James M. Graves, Jr., J., and appealed. *Held:*

Incriminating statements made by an inmate of a penal institution at a disciplinary hearing are not admissible against him at a subsequent prosecution on the underlying criminal charge which was the basis of the original disciplinary hearing and this fact must be communicated to the inmate prior to testifying.

Reversed.

CRIMINAL LAW — PRISONS AND PRISONERS — DISCIPLINARY HEARINGS — SELF-INCRIMINATION.

Incriminating statements made by an inmate of a penal institution at a disciplinary hearing are not admissible against him at a subsequent prosecution on the underlying criminal charge which was the basis of the original disciplinary hearing and this fact must be communicated to the inmate prior to testifying.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz, III,* Prosecuting Attorney, and *Judith K. Simonson,* Senior Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Penal and Correctional Institutions §§ 41-45.

Liability of prison authorities for injury to prisoner directly caused by assault by other prisoner. 41 ALR3d 1021.

*Marcus, Vander Ploeg & Ruck* (by *Douglas M. Hughes),* for defendant on appeal.

Before: ALLEN, P.J., and R. B. BURNS and N. J. KAUFMAN,* JJ.

PER CURIAM. Is an admission of guilt made by defendant who had not been given *Miranda*[1] warnings during a Department of Corrections disciplinary hearing for a violation of department rules admissible at a subsequent criminal trial of defendant for the same offense? This question of first impression was answered by the trial court in the affirmative at defendant's trial, where he was convicted by a jury on May 23, 1984, of felonious assault, MCL 750.82; MSA 28.277. On May 25, 1984, defendant pled guilty to a supplemental information charging him with a fourth felony offense. Sentenced to a term of from 8 to 15 years in prison, defendant appeals as of right. We reverse.

On October 30, 1983, defendant and Alfred Smith were inmates at the Muskegon Correctional Facility. At about 9:30 p.m., during count time, while Smith was standing in the doorway of his room, talking to two other inmates, defendant approached to within six inches of Smith and swung at him with an object in a sock. The object struck Smith in the left jaw. Smith then ran down the hall to where Wanda Workman, a housing unit officer, was standing. Defendant followed yelling something about "snitches" and handed Officer Workman a sock containing a metal lock. Less than an hour after the incident, Smith was treated

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

by a correctional facility nurse for a slightly swollen and mildly discolored jaw.

In departmental disciplinary proceedings defendant was charged with assault and battery and with possession of dangerous contraband in violation of prison rules. A disciplinary hearing on the charges was held November 2, 1983, by an administrative law examiner for the Muskegon Correctional Facility who reviewed the evidence and discussed defendant's version of the incident. At the hearing, defendant admitted threatening Smith with a lock in a sock, but denied hitting Smith. As a result of defendant's statements and the lack of severity of the injury, the administrative law officer reduced the misconduct charge from assault and battery to threatening behavior.

However, the matter did not end there. Following a criminal investigation conducted by the Grand Haven Post of the State Police, a criminal charge of assault with a dangerous weapon (felonious assault), MCL 750.82; MSA 28.277, was made against defendant. At trial in circuit court on the charge, introduction into evidence of defendant's statements to the administrative law examiner was objected to by defense counsel on grounds of "failure to Mirandize". The objection was overruled and several of defendant's statements were read into the record. Defendant did not take the stand and the defense offered no evidence. During their deliberations, the jury raised two questions and after deliberating several hours returned a verdict of guilty of assault with a dangerous weapon. The single issue raised on appeal is whether defendant's statement of guilt at the disciplinary hearing was admissible at the trial on the criminal charge.

It is undisputed that, where *Miranda* warnings are required, inculpatory statements made without

the benefit of such warnings must be suppressed. *People v Reed,* 393 Mich 342; 224 NW2d 867 (1975); *People v D'Avanzo,* 125 Mich App 129, 132-133; 336 NW2d 238 (1983). What is disputed is whether *Miranda* warnings are required at a departmental disciplinary hearing. Both parties agree that there are no Michigan cases squarely on point. Relying strongly on *People v Rocha,* 86 Mich App 497; 272 NW2d 699 (1978), *lv den* 406 Mich 944 (1979), which in turn relied heavily on *Baxter v Palmigiano,* 425 US 308; 96 S Ct 1551; 47 L Ed 2d 810 (1976), defendant argues that *Miranda* warnings should have been given.[2] In reply, the prosecutor analogizes this situation to the situation in *People v Hardenbrook,* 68 Mich App 640, 644; 243 NW2d 705 (1976), where a defendant's statement, given to his probation officer without *Miranda* warnings having been given to him, was held to be admissible in evidence at defendant's probation revocation hearing.

We find neither argument helpful on the issue of whether *Miranda* warnings should have been given in the instant case. As will be noted later, *Rocha* did not involve *Miranda* warnings and the decision there was based on other grounds. *Hardenbrook* was predicated on the finding that probation revocation is not part of a criminal prosecution "but is more in the nature of an administrative hearing intimately involved with the probationer's rehabilitation". 68 Mich App 645.

We are, however, persuaded by the people's argument that *Miranda* warnings do not apply at an administrative disciplinary hearing. The harm sought to be remedied after *Miranda* is interroga-

---

[2] Defendant also notes that because the disputed statements were introduced during the prosecutor's case in chief they were not admissible as an exception to the hearsay rule and, likewise, they did not qualify as impeachment material since they were introduced prior to testimony by any defense witness.

tion by police officials or their agents in a criminal prosecution. *Miranda* rules "only apply to criminal prosecutions, specifically to 'custodial police interrogation' ". *Hardenbrook, supra,* p 645. As noted by the people, there were no pending criminal charges against defendant at the time defendant made admissions to the administrative law examiner.[3] A Michigan Department of Corrections hearing is an administrative adjudicatory proceeding which involves a recognized liberty interest and which affords defendant with the limited due process requirements mandated by the United States Supreme Court in *Wolff v McDonnell,* 418 US 539; 94 S Ct 2963; 41 L Ed 2d 935 (1974). Michigan disciplinary hearings are conducted subject to statutory procedures designed to comply with *Wolff's* due process requirements. MCL 791.252; MSA 28.2320(52).

Because defendant's statements arose not from custodial interrogation, but rather from an administrative adjudicatory proceeding, we conclude that *Miranda* warnings do not apply. Further, we believe that it would be counterproductive to the maintenance of discipline within the Department of Corrections to extend *Miranda* requirements to prisoner disciplinary hearings.

Quite aside from *Miranda,* defendant is entitled to other Fifth Amendment protections. In *Baxter v Palmigiano, supra,* the United States Supreme Court held that prison inmates may have special protection in subsequent criminal trials from use of incriminating statements compelled and used at disciplinary hearings:

"Prison disciplinary hearings are not criminal pro-

---

[3] The state police criminal investigation did not commence until the day following defendant's admissions to the administrative law examiner.

ceedings; but if inmates are compelled in those proceedings to furnish testimonial evidence that might incriminate them in later criminal proceedings, they must be offered 'whatever immunity is required to supplant the privilege' and may not be required to 'waive such immunity.' " *Baxter, supra,* p 316.

The Court came to this conclusion in light of a series of cases involving individuals compelled either to testify or to face penalties for asserting their Fifth Amendment privilege to remain silent. See *Garrity v New Jersey,* 385 US 493; 87 S Ct 616; 17 L Ed 2d 562 (1967) (loss of employment for failure to testify about job performance), and *Lefkowitz v Turley,* 414 US 70; 94 S Ct 316; 38 L Ed 2d 274 (1973) (withholding of government contracts for failure to testify in front of a grand jury).

In *People v Rocha, supra,* our Court, in addition to holding that a defendant's statements at a probation revocation hearing may not be used at a subsequent criminal trial arising from the probation violation, further held that the probationer must be advised before testifying at the revocation hearing that his statements would not be admissible at a subsequent criminal proceeding *based on the same offense.*[4]

The Court's reasoning in *Rocha* can logically be applied to disciplinary proceedings as well. Department of Corrections rules state that inmates charged with misconduct have the right to make statements on their own behalf and to receive notice before the hearing of the right to make statements. 1979 AC, R 791.3310, 1979 AC, R 791.3315. Under current practice, inmates must make a "Catch 22" choice. They can either testify at the prison disciplinary hearing and incriminate

[4] In *People v Ewing,* 99 Mich App 110; 297 NW2d 628 (1980), cited by the people as authority for admitting the defendant's statements in the instant case, statements made at a prior trial were found admissible in a subsequent trial based on a different rather than the same offense.

themselves or forego the right to offer exculpatory or mitigating statements and face the potential penalties for prison misconduct based on evidence which they cannot refute or explain. Like the probationer in *Rocha,* an inmate's testimony adds rather than detracts from the factual picture presented by the state. *Rocha, supra,* p 503. It explains his actions and the circumstances surrounding the violation. But if an inmate's statements at the disciplinary hearing can be used against him in a subsequent criminal trial, it is likely that such statements will be withheld from the administrative hearing examiner for fear of being used against the inmate at a later time. The inmate, like the probationer, is forced to forego a valuable defense. This constitutes an impermissible penalty for the exercise of the privilege against self-incrimination. *Cf. Rocha, supra,* p 504. Even the Department of Corrections Hearing Handbook states that, while *Miranda* warnings are not required, no statement made by a prisoner at the prehearing interrogative stage or at formal hearings is admissible at a subsequent criminal proceeding.

In the present case, defendant's admission at the disciplinary hearing actually served to reduce the severity of defendant's discipline. The penalty defendant thereafter suffered for speaking out was conviction at a subsequent criminal proceeding on the underlying offense. In our opinion the proper remedy is adoption of the procedure announced in *Rocha,* p 512, *viz.:* any evidence derived from testimony at a disciplinary hearing is inadmissible at subsequent criminal proceedings on the underlying charge, save for impeachment or rebuttal, and the accused must be advised before testifying at the disciplinary hearing that his testimony will not be admissible against him at a subsequent criminal trial on the underlying offense.

Reversed.