PEOPLE v HUBBARD

Docket No. 83460. Submitted November 14, 1986, at Detroit. Decided
    April 20, 1987.
Reginald Hubbard, also known as Reginald Grayson, was con-
    victed of first-degree criminal sexual conduct following a jury
    trial in Detroit Recorder's Court, James E. Roberts, J. Defen-
    dant was sentenced to a term of from ten to thirty years in
    prison. Defendant appealed, raising several issues.
    The Court of Appeals *held:*
    1. The trial court did not err in ruling on the admissibility of
    evidence of defendant's prior convictions for attempted robbery,
    assault with intent to commit robbery, and larceny under $100
    for impeachment purposes after defendant had testified on
    direct examination, but before cross-examination by the prose-
    cution. Defendant was aware that the prosecution intended to
    use evidence of his prior convictions for impeachment before he
    took the stand and that the trial court was holding in abeyance
    its ruling on the admissibility of such evidence. The trial court
    also did not err, after ruling that evidence of all the prior
    convictions was admissible, in allowing the prosecution to
    choose one, but not both, of the felony convictions in addition
    to the misdemeanor conviction for use in impeaching defen-
    dant.
    2. The trial court did not err in allowing the victim's examin-
    ing physician to testify that the examination revealed evidence
    of trauma consistent with forceful penetration. The examining

REFERENCES

Am Jur 2d, Appeal and Error § 624.
Am Jur 2d, Expert and Opinion Evidence §§ 111-113.
Am Jur 2d, Rape § 68.
Am Jur 2d, Trial §§ 145 *et seq.*
Am Jur 2d, Witnesses §§ 569 *et seq.*
Construction and application of Rule 609(a) of the Federal Rules of
    Evidence permitting impeachment of witness by evidence of prior
    conviction of crime. 39 ALR Fed 570.
What constitutes penetration in prosecution for rape or statutory
    rape. 76 ALR3d 163.
See also the annotations in the Index to Annotations under Appeal
    and Error; Rebuttal.

physician in a criminal sexual conduct case is a proper witness as long as his testimony may assist the jurors in their determination of the existence of either of two crucial elements of the crime charged, (1) penetration itself and (2) penetration against the will of the victim.

3. The trial court erred in allowing the prosecution in rebuttal to question the investigating officer as to whether the victim had a criminal record. However, the error was not so egregious as to result in a miscarriage of justice. Therefore, reversal was not warranted.

4. The prosecutor's closing argument did not deny defendant his right to a fair trial.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

The prosecution need not notify a defendant of its intent to impeach the defendant on cross-examination through use of evidence of his prior conviction nor must the prosecution initiate the trial court's determination on the admissibility of such evidence (MRE 609).

2. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

A trial judge does not abdicate his discretion regarding the allowance of use of evidence of a defendant's prior convictions for impeachment where the trial judge allows the prosecution to choose one, but not both, of the defendant's prior convictions which the trial judge has ruled admissible (MRE 609).

3. RAPE — PENETRATION — PHYSICIANS AND SURGEONS — WITNESSES.

The examining physician in a rape case is a proper witness as long as his testimony may assist the jury in its determination of the existence of either of two crucial elements of the offense charged, (1) penetration itself and (2) penetration against the will of the victim.

4. CRIMINAL LAW — EVIDENCE — REBUTTAL — APPEAL.

The decision to admit evidence in rebuttal rests within the trial court's discretion; if evidence is improperly admitted during rebuttal, reversal is required only if the error was so egregious as to result in a miscarriage of justice.

5. CRIMINAL LAW — APPEAL — PROSECUTORIAL COMMENT — PRESERVING QUESTION.

The absence of objection during trial precludes appellate review of allegedly prejudicial prosecutorial remarks unless the preju-

dicial effect was so great that it could not have been cured by a cautionary instruction and failure to consider the issue would result in a miscarriage of justice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Virginia J. Hazen,* Assistant Prosecuting Attorney, for the people.

*Craig A. Daly,* for defendant on appeal.

Before: BRONSON, P.J., and BEASLEY and C. L. HORN,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and was sentenced to a term of from ten to thirty years in prison. Defendant appeals as of right, raising four claims of error.

Defendant first argues that the trial court erred by ruling on the admissibility of evidence of defendant's prior convictions after defendant had testified on direct examination, and by allowing the prosecutor to choose which of defendant's prior convictions would be used for impeachment. Just prior to defendant's taking the stand, the prosecutor sought a ruling on the admissibility of defendant's prior convictions. The prosecutor sought to impeach defendant with evidence of his 1974 convictions for attempted armed robbery and assault with intent to commit armed robbery, as well as his 1978 misdemeanor conviction for larceny under $100. Defense counsel objected to the use of the 1974 convictions because the defendant was a juvenile in 1974, although he had been tried as an

* Circuit judge, sitting on the Court of Appeals by assignment.

adult. Due to both parties' inability to cite any applicable law, the trial judge requested that the parties research the issue. In the meantime, defendant was allowed to testify on direct examination. Prior to cross-examination, the trial judge ruled that the prosecutor could use evidence of defendant's misdemeanor larceny conviction and evidence of either the attempted armed robbery conviction or the assault with intent to commit armed robbery conviction for impeachment. Defendant now claims that this was error.

In support of his claim of error, defendant relies on *People v Ash,* 128 Mich App 265, 268-269; 340 NW2d 646 (1983), in which one panel of this Court stated:

> Defendant was entitled to know before he took the stand whether evidence of his prior record would be used for impeachment. *People v Hayes,* 410 Mich 422, 426-427; 301 NW2d 828 (1981). Furthermore, it was the prosecutor's responsibility, not defendant's, to insist on a ruling on the issue before defendant took the stand. *People v Lytal,* 415 Mich 603, 609-610; 329 NW2d 738 (1982).

We note that in *Ash* defense counsel was unaware of the prosecutor's intent to use evidence of the defendant's prior conviction for impeachment until after the defendant had taken the stand. In the instant case, however, defense counsel was aware of the prosecutor's intent to impeach defendant with evidence of his prior convictions and also knew that the trial court planned to hold its ruling on admissibility in abeyance while the parties researched the issue. Under these circumstances, we decline to follow the rule set forth in *Ash.*

We disagree with the blanket holding in *Ash,*

*supra,* pp 268-269, that a defendant is entitled to know before taking the stand whether evidence of a prior conviction will be used for impeachment. Such a holding would add a procedural requirement not contained in MRE 609 itself. The authority cited by the *Ash* Court in support of this holding is *People v Lytal,* 415 Mich 603, 609-610; 329 NW2d 738 (1982). However, we conclude that the *Ash* Court's reliance on *Lytal* is misplaced.

In *Lytal,* the trial judge reserved ruling on the prosecutor's motion to admit evidence of a prior conviction until after the defendant testified. The trial judge decided that his ruling on the motion was dependent on the defendant's testimony. Evidence of the defendant's prior conviction was ultimately admitted. In reviewing the case, our Supreme Court held that the defendant was entitled to know, before he took the stand, whether evidence of his prior conviction could be used for impeachment purposes. *Lytal, supra,* p 609, citing *People v Hayes,* 410 Mich 422, 426-427; 301 NW2d 828 (1981). We note that although this language can be found in *Hayes,* it should be read in context with the holding in that case (where our Supreme Court held that it was an impermissible abdication of judicial discretion when the trial judge insisted that the defendant not impeach the prosecutor's witnesses with evidence of prior convictions as a quid pro quo for the prosecutor's promise not to impeach defendant's witnesses with evidence of prior convictions). The *Lytal* Court further held that the defendant had not waived his objection to the use of evidence of the prior conviction for impeachment by not insisting on a ruling prior to the defendant's taking the stand because the trial judge had specifically indicated he would not rule on the admissibility of such evidence until he had heard the defendant's testimony. *Lytal, supra,* pp

609-610. The Court concluded that defense counsel's insistence on a ruling would have antagonized the trial judge. The basic holding of *Lytal* on this issue was that the trial judge may not reserve his ruling on admissibility of evidence of prior convictions depending upon the defendant's testimony. Nowhere in *Lytal* is the principle relied on in *Ash* espoused.

In addition, nothing in MRE 609 indicates who must initiate the trial court's determination on the admissibility of evidence of prior convictions for impeachment. We decline to adopt the *Ash* Court's placement of the burden upon the prosecutor in all instances. The defendant, here, was afforded procedural due process.

Further, after reviewing the record, we conclude that the trial court complied with the requirements of MRE 609(a)(2) by weighing the probative value of the evidence of defendant's prior convictions with its prejudicial effect and determining that such evidence was admissible for impeachment. In addition, the trial judge did not abdicate his discretion by allowing the prosecutor to choose which of defendant's 1974 convictions would be used for impeachment. The trial judge had already determined that evidence of the convictions was admissible, but chose to limit the number of prior convictions used to impeach. Allowing the prosecutor to choose which one of the two prior convictions to use for impeachment is not error.

Next, defendant argues that the trial court erred by allowing the examining physician to testify that her examination of the victim revealed evidence of trauma consistent with forceful penetration. We disagree. The examining physician in a criminal sexual conduct case is a proper witness as long as his or her testimony may assist the jurors in their determination of the existence of either of two

crucial elements of the crime charged, (1) penetration itself and (2) penetration against the will of the victim. *People v McGillen #2,* 392 Mich 278, 284; 220 NW2d 689 (1974); *People v Byrd,* 133 Mich App 767, 779; 350 NW2d 802 (1984). The testimony presented here was proper and did not violate the rules set forth in *McGillen #2.*

The third issue to be considered is whether the trial court abused its discretion in allowing certain evidence to be presented by the prosecution in rebuttal. During rebuttal, the prosecutor questioned the officer in charge as to whether the victim had a criminal record. Defense counsel did not object to this line of questioning. On appeal, defendant claims that this questioning constituted improper rebuttal evidence requiring reversal. We disagree. The decision to admit evidence in rebuttal rests within the trial court's discretion. *People v Eggleston,* 148 Mich App 494, 503; 384 NW2d 811 (1986). If evidence is improperly admitted during rebuttal, reversal is required only if the error was so egregious as to result in a miscarriage of justice. *Eggleston, supra,* citing *People v Etchison,* 123 Mich App 448, 451; 333 NW2d 309 (1983). Although we question the propriety of the evidence admitted here, we find that the error was not so egregious as to result in a miscarriage of justice. Therefore, reversal is not warranted.

Finally, defendant claims that he was denied a fair trial because of the prosecutor's improper closing arguments. Once again, we note that defense counsel failed to object to any of these allegedly improper remarks. Appellate review is therefore precluded unless the prejudicial effect was so great that it could not have been cured by an appropriate instruction and failure to consider the issue would result in a miscarriage of justice. *People v Federico,* 146 Mich App 776, 794; 381

NW2d 819 (1985). We have reviewed the record in this case, and conclude that the prosecutor's closing argument did not deny defendant his right to a fair trial.

Affirmed.

Bronson, P.J., did not participate.