PEOPLE v THOMASON

Docket No. 103280. Submitted August 9, 1988, at Grand Rapids. Decided December 20, 1988.

Timothy C. Thomason, an inmate of the Lakeland Correctional Facility, was convicted of breaking and entering a building with intent to commit larceny and of being an habitual criminal, Branch Circuit Court, Michael H. Cherry, J. Defendant appealed, alleging error in his failure to be arraigned, in the use of evidence of his prior convictions to impeach his veracity without first seeking their use for impeachment purposes, in the use for impeachment purposes of a written admission made by him for use in a Department of Corrections disciplinary hearing, and in the court's selective instructions prior to the jury's consideration of the habitual offender charge.

The Court of Appeals *held:*

1. A conviction must be reversed on appeal where the record fails to reveal either that the defendant was arraigned or that he waived arraignment. The record here reveals neither.

2. The prosecution need not in all cases notify a defendant of its intent to impeach the defendant on cross-examination through use of evidence of his prior conviction nor must the prosecution initiate the trial court's determination on the admissibility of such evidence.

3. Evidence, including self-incriminating statements of an inmate of a penal institution, derived at a disciplinary hearing is admissible at subsequent criminal proceedings on the underlying charge for the limited purpose of rebuttal or impeachment.

4. Defendant's failure to object to the selective jury instructions at the time precludes review.

Reversed and remanded.

MURPHY, J., concurred in the result but believed that the

REFERENCES

Am Jur 2d, Criminal Law §§ 433 *et seq.;* Evidence §§ 610—614; Witnesses §§ 523 *et seq.*, 581, 582.

Impeachment of accused as witness by use of involuntary or not properly qualified confession. 89 ALR2d 478.

ruling in the arraignment issue obviated the need to address the remaining issues.

1. CRIMINAL LAW — ARRAIGNMENT — APPEAL.

A conviction must be reversed on appeal where the record fails to reveal either that the defendant was arraigned or that he waived arraignment.

2. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

The prosecution need not in all cases notify a defendant of its intent to impeach the defendant on cross-examination through use of evidence of his prior conviction nor must the prosecution initiate the trial court's determination on the admissibility of such evidence.

3. CRIMINAL LAW — PRISONS AND PRISONERS — DISCIPLINARY HEARINGS — SELF-INCRIMINATION.

Evidence, including self-incriminating statements of an inmate of a penal institution, derived at a disciplinary hearing is admissible at subsequent criminal proceedings on the underlying charge for the limited purpose of rebuttal or impeachment.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John L. Livesay,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

State Appellate Defender (by *Gail Rodwan*), for defendant on appeal.

Before: HOLBROOK, JR., P.J., and MURPHY and C. O. GRATHWOHL,* JJ.

PER CURIAM. Defendant, Timothy Charles Thomason, appeals as of right from his jury conviction of breaking and entering a building with intent to commit larceny, MCL 750.110; MSA 28.305, and being an habitual offender, MCL 769.11; MSA 28.1083. Defendant alleges that the lack of an arraignment in this case requires reversal. We

---

* Circuit judge, sitting on the Court of Appeals by assignment.

agree. The instant case is reversed and remanded to the trial court.

Defendant was an inmate at Lakeland Correctional Facility, in Branch County, from July, 1986, to November, 1986. Some time during the evening of Friday, October 31, 1986, defendant and another inmate broke into the prison store and stole over $750 worth of merchandise. Defendant confessed to being a participant in the breaking and entering to prison authorities.

The district court set one date for both arraignment and preliminary examination of defendant. It is the standard procedure in Branch County that preliminary examinations are conducted at the same time as arraignments for those defendants being held in jail or prison. This is done in order to reduce the number of times those prisoners must be transported. The transcript of defendant's preliminary examination revealed that no mention of arraignment was made on the record. The district judge began the proceedings by starting with the preliminary examination. Furthermore, there is no indication in the record that defendant waived arraignment in person or waived arraignment by mail.

In the circuit court, defendant filed a pretrial motion to dismiss the charges against him for failure to be arraigned in district court on the primary charge of breaking and entering. On March 6, 1987, approximately one month before trial, defendant's motion to dismiss the charges was argued before the trial court. The trial court ruled that, although a separate arraignment would have "been the preferred procedure," any deficiency was not prejudicial to defendant.

Defendant argues that his conviction should be reversed due to the lack of an arraignment. It is a fundamental due process right that a defendant

know the nature and cause of the accusations being made against him. *People v Ora Jones,* 395 Mich 379, 388; 236 NW2d 461 (1975). This right is guaranteed under the United States and Michigan Constitutions, as well as by statute. US Const, Ams VI, XIV; Const 1963, art 1, § 20; MCL 767.45; MSA 28.985. Informing a defendant of the nature and cause of the accusations being made against him is one of the most important functions of the arraignment. The purpose of the arraignment was set forth in *People v Killebrew,* 16 Mich App 624, 627; 168 NW2d 423 (1969):

> An arraignment on the warrant has several functions: it provides formal notice of the charge against the accused; the magistrate informs the accused of his right to counsel and inquiry is made to determine whether he is in need of appointed counsel; the preliminary examination may be waived or set for a certain date; and the arraigning judge may fix bail.

Further, it is at the arraignment that the information is read to the accused, and after the reading the accused may enter a plea to the charges contained in the information. MCR 6.101(D)(1).

Our Supreme Court has held that, where the record does not reveal that the defendant was arraigned, the conviction must be set aside. *Grigg v People,* 31 Mich 470, 471 (1875). A defendant can waive his procedural right to an arraignment. *People v Phillips,* 383 Mich 464; 175 NW2d 740 (1970), see also *People v Johnson,* 112 Mich App 41; 314 NW2d 794 (1981). To determine whether a defendant has waived his arraignment requires an examination of all the circumstances. *Phillips, supra,* p 470. Because waiver is defined "as the voluntary relinquishment of a known right, we must determine that the person had a right, that

he knew he had it, and that he freely and knowingly elected not to exercise it." *Phillips, ibid.* Furthermore, the defendant in a criminal case does not have the burden of coming forward to request an arraignment on charges even if he is aware that he has not yet been arraigned. *People v Walters,* 109 Mich App 734, 739; 311 NW2d 461 (1981), rev'd on other grounds 412 Mich 879.

In the case at bar, there is no indication that defendant was apprised of his right to be arraigned and then voluntarily relinquished that right. Although arraignment was noticed at the same time as the preliminary examination, the record fails to substantiate that an arraignment occurred in court, by mail or was waived. Defendant was never read the information, nor did he enter a plea. This was a denial of procedural due process. Accordingly, defendant's conviction is reversed. In addition, defendant's conviction as an habitual offender is vacated and will be retried only if defendant is convicted of breaking and entering upon retrial.

Defendant argues that he was denied a fair trial because the trial court permitted the prosecutor to impeach defendant with evidence of two prior felony convictions when the prosecutor did not make a motion for use of the prior convictions until cross-examination of defendant. One panel of this Court has held that a defendant is entitled to know before he takes the stand whether evidence of his prior convictions would be used for impeachment. *People v Ash,* 128 Mich App 265, 269; 340 NW2d 646 (1983). The *Ash* Court further stated that it is the prosecutor's responsibility, and not the defendant's, to insist on a ruling on the issue before the defendant takes the stand. *Ash, ibid.,* citing *People v Lytal,* 415 Mich 603, 609-610; 329 NW2d 738 (1982).

A different panel of this Court in *People v Hubbard,* 159 Mich App 321; 406 NW2d 287 (1987), and *People v Wilson,* 159 Mich App 345; 406 NW2d 294 (1987), declined to follow *Ash, supra.* Both *Hubbard* and *Wilson* concluded that the *Ash* Court's reliance on *Lytal* was misplaced. *Hubbard* and *Wilson* both held that the burden is not upon the prosecutor in all instances to initiate the trial court's determination on the admissibility of evidence of prior convictions for impeachment. *Hubbard, supra,* pp 324-326; *Wilson, supra,* pp 349-351. We feel that the *Wilson* and *Hubbard* approach to this issue is better reasoned and we support the approach that does not put the burden on the prosecutor in all cases to initiate a trial court's determination as to whether prior convictions can be used for impeachment of a defendant or a witness.

Defendant argues that the trial court erred when it admitted a written admission which defendant made for limited use in a Department of Corrections disciplinary proceeding. This Court in *People v Carr,* 149 Mich App 653, 659; 386 NW2d 631 (1986), stated that "any evidence derived from testimony at a disciplinary hearing is inadmissible at subsequent criminal proceedings on the underlying charge, save for impeachment or rebuttal . . . ." In the instant case, defendant was impeached with his statement made at the prior disciplinary proceeding during rebuttal. Such use of defendant's statements from the Department of Corrections' disciplinary hearing was proper and can be repeated upon a retrial.

Defendant also argues that the trial court erred when instructing the jury before it considered the habitual offender charge. We note that defendant did not object below, and failure to object to jury instructions precludes appellate review absent a

miscarriage of justice. *People v Elmore,* 92 Mich App 678; 285 NW2d 417 (1979).

In conclusion, the instant case is reversed and remanded back to the trial court. The defendant must have an arraignment or waive same on the record.

Reversed and remanded.

Murphy, J. *(concurring).* I concur in reversing defendant's convictions because the record before this Court does not support a conclusion that defendant knowingly and voluntarily relinquished his procedural right to an arraignment. See *People v Phillips,* 383 Mich 464; 175 NW2d 740 (1970). In view of this ruling, I do not believe the other issues need to be addressed.